|174      395
|d218     251

Jennie E. Brink v. The Borough of Dunmore, (Appellant,) Edward J. Lynett, Michael A. Taylor, Benjamin F. Lewis, Frank McDonald, Michael Dolphin, Michael Cunion and William Loftus.

*Boroughs—Taking of private property—Trespass.*

Where a borough takes private property in an irregular manner and not precisely according to law, and does work upon it which is within the general scope of the authority of the borough, it is liable in an action of trespass for the injury committed.

A borough council adopted a resolution directing that all property owners on a certain street be given notice to lay sidewalks in front of their properties. Subsequently the secretary was directed by resolution to advertise for bids for the laying of sidewalks on the street. The borough council had a committee of three on streets and bridges, which committee was created by ordinance and members appointed by resolution. The burgess, the street commissioner and the three members of the committee on streets and bridges directed workmen to enter upon plaintiff's property, tear down and move back a fence, and construct a sidewalk. No

application was made by petition to the court of quarter sessions for the appointment of viewers, and no ordinance was passed relating to the taking of the land. *Held,* that the borough was liable in an action of trespass for the injury done to plaintiff.

Argued Feb. 25, 1896. Appeal, No. 124, July T., 1895, by Dunmore Borough, from judgment of C. P. Lackawanna Co., Nov. T., 1891, No. 481, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM and MITCHELL, JJ. Affirmed.

Trespass for injuries to plaintiff's land. Before EDWARDS, J.

At the trial it appeared that on November 11, 1874, an ordinance was passed by the council of the borough of Dunmore providing for grading and laying sidewalks. A similar ordinance was passed in July, 1889. In April, 1886, an ordinance was passed providing for the appointment of a committee of three on streets and bridges. In March, 1891, the committee on streets and bridges was appointed by resolution. Two of the defendants were members of this committee. On April 14, 1890, a resolution was adopted instructing the borough surveyors to prepare maps and profile and establish lines in Blakely street.

On July 10, 1890, a committee was appointed to wait on the property owners on Blakely street in regard to the changing of the lines of the lots. The lines as shown by the engineer's map on Blakely street were adopted. Subsequently, in June, 1891, a committee was appointed to compromise with the property owners on Blakely street as to the disputes concerning the lines, and soon after this same committee was given authority to remove fences on the same street. In July, 1891, a resolution was adopted directing that all property owners on Blakely street be given notice to lay sidewalks in front of their properties, and in September following, the secretary, by resolution, was directed to advertise for bids for the laying of sidewalks on this street.

It appeared from the evidence, that a notice was served on the plaintiff to lay a sidewalk in front of her property, and that on her failing to do so the borough officers came on the ground, changed the line of the fence and moved it in several feet, laid a sidewalk on plaintiff's lot, dug up the earth, and cut down

the trees.   Afterwards, on November 28, 1891, the borough of
Dunmore filed a municipal lien against the plaintiff's property
for the laying of the sidewalk, moving the fence and some of
the other work.

The foregoing facts, proved under objection and exception,
were the basis of the 1st, 2d, 3d, 4th, 5th and 7th assignments
of error.   The court refused to strike out this testimony. [6]

Besides the members of the committee on bridges and streets
and the borough itself, the defendants were the burgess, the
street commissioner, and two police officers, who by order of
the burgess were directed to be on the ground to protect the
borough officers in the work on plaintiff's property.   It ap-
peared that no other ordinance except those mentioned above
was passed relating to the work on Blakely street, and that the
borough made no application to the court of quarter sessions
for the appointment of viewers.

The court charged inter alia:

The main question, gentlemen, for you to decide, is not
whether the plaintiff is entitled to a verdict, but how much,
under the testimony in this case. [8]

Plaintiff's points, among others, were as follows :

2. That if the jury find that the persons who committed the
trespass and were present, aiding and abetting, were the individ-
ual defendants named, who were and claimed to be at the time
acting as officers of the borough, and under ordinances and
resolutions of the borough councils, and at the instigation of
officers of the borough among whom were members of the coun-
cil, members of the street and bridge committee, and the street
commissioner of the borough, who acted under direction of the
street and bridge committee, in pursuance of a regulation of
the borough, then all the defendants, including the borough,
are liable.   *Answer :* This is affirmed, with the qualification
that you cannot render a verdict against any individual under
the evidence who was not concerned in the trespass. [9]

3. That if the officers of the borough and the borough by its
duly constituted authorities, acted in pursuance of an ordinance
of the borough duly passed and approved by the burgess, and
duly entered on the borough ordinance book, and acted for the
purpose of laying a sidewalk in front of the premises of plain-
tiff and other property owners in pursuance of said ordinance,

which required the laying of said sidewalks in the borough, and
while laying such sidewalk the defendants entered illegally
upon the premises of the plaintiff and committed the wrongs
alleged in the declaration, to wit: Tore down her fences, dug
up her dooryard, removed her trees and injured the premises
of plaintiff,. and the borough ratified the act by filing their lien,
then all the defendants are liable in this suit, and the verdict of
the jury should be for the plaintiff.  *Answer :* I affirm that
point with the qualification that if you find any one of the
defendants named was not concerned in any way with the acts
complained of, why of course you could not render a verdict
against that particular individual. [10]

5. The jury should render their verdict in favor of the plain-
tiff, and against all the defendants, for such sum as they find
the plaintiff has suffered under the direction of the court, and
the jury may give as additional damages interest from Octo-
ber 3, 1891.  *Answer :* This point is affirmed, except that you
cannot render a verdict against any individual not concerned or
acting in the trespass. [11]

6. There is sufficient evidence from which the jury is war-
ranted in finding that the sidewalk was laid by the borough,
and the trespass committed in so doing.  *Answer :* This point
is affirmed. [12]

Defendant's points were as follows :

1. The defendant, the borough of Dunmore, is not liable in
damages for the trespass alleged in this case until it is shown
that the borough, by express authority from the corporate
officers, by ordinance or resolution duly and legally enacted,
authorized or directed the persons who committed the trespass
to do what was done on the premises of the plaintiff.  *Answer :*
This point is refused. [13]

2. Any resolution, ordinance, or other enactment by the
borough authorities, must have been passed at a meeting of the
council, transcribed on the ordinance book, and signed by the
burgess thereon ; and the said ordinance, resolution or enact-
ment must have been published in at least one newspaper, if
such be printed in the proper county, and by not less than
twelve advertisements put up in the most public places in the
said borough at least ten days before the same would take
effect.   In the absence of these requirements, such resolutions,

enactments and ordinances were void and of no effect. *Answer:* While this point states the regulations and requirements of the act of assembly in regard to the passage and adoption of ordinances, I do not consider it applicable to this case, and therefore I refuse the point. [14]

3. There is no evidence in this case that the ordinances and resolutions offered in evidence were passed, transcribed, approved, published and advertised as required by law, and therefore were of no effect in this case. *Answer :* This point is refused. [15]

4. The trespass alleged in this case is not in the line of any of the statutory duties of the borough of Dunmore and must, therefore, have been expressly authorized in the manner legally required to bind the borough, and, in the absence of this, the borough is not liable for anything alleged in the complaint in this case. *Answer :* This point is refused. [16]

5. There is no evidence in this case showing that the parties who committed the alleged trespass were legally authorized or directed by the borough of Dunmore so to do, or in any manner to make the borough liable for the trespass alleged to have been committed. *Answer :* This point is refused. [17]

6. The borough of Dunmore is not liable for the trespass of its officers not in the line of their duties as laid down by law or municipal enactment, unless expressly authorized by legal action of the corporate authorities to do the special thing complained of. *Answer :* This point is refused. [18]

7. A municipal corporation is not liable in damages for the misfeasance of an officer elected by the people and over whom it has no control, except so far as the duties of such officer are expressly defined and laid down by municipal enactment. *Answer :* The duties of such officer are not necessarily and exclusively defined by express municipal enactment. This point is refused. [19]

8. The publication and advertising, as above set forth, of every enactment, regulation, ordinance or other general law of the borough of Dunmore, is a condition precedent to their taking effect, and no amount of hardship, or impossibility, or illegality, will avoid the bar of the condition precedent unperformed, and if the ordinances, resolutions and other enactments offered in evidence in this case were not so published and advertised,

they are of no effect in this case. *Answer :* This point is refused. [20]

9. It was the duty of the plaintiff to show affirmatively that all the conditions of transcribing, approval, publication and advertising of ordinances, resolutions, and enactments offered by her had been complied with. *Answer :* This point is refused. [21]

10. Under the law and the evidence in this case there can be no verdict against the borough of Dunmore. *Answer :* This point is refused. [22]

Verdict and judgment for plaintiff for $736. Defendants appealed.

*Errors assigned* were, (1–5, 7) to the admission of testimony, quoting the bills of exceptions; (6) refusal of court to strike out testimony; (12–22) above instructions, quoting them.

*I. H. Burns, Thomas J. Duggan* with him, for appellant.—To make a borough responsible for the acts of individuals, it must be shown that, if borough officers, they were acting within the line of their duties, or were expressly authorized by the borough to commit the trespass complained of.

If there is any liability on the part of the borough for the acts of the officers, it must have been by reason of some special authorization by the corporate authorities to do this very thing: Dillon on Munic. Corp., sec. 96.

A resolution of a borough council in the nature of an ordinance changing alleys, not transcribed in the ordinance book and not presented to nor signed by the burgess, and not advertised or published, as required by law, is invalid: Com. v. Beaver Borough, 171 Pa. 543; Verona Borough's App., 108 Pa. 83.

Personally, a member of a borough council can bind no one but himself. Not only this, but the council itself can only bind in the manner prescribed by law: Butler v. School Dist., 149 Pa. 351; Nason v. Poor Directors, 126 Pa. 458; School Dist. v. Fuess, 98 Pa. 600.

*William J. Hand, Alfred Hand* with him, for appellee.—A municipality is liable if the wrongful act is done by its agents or officers in carrying out an improvement, or is proximately connected with it: Tiedeman on Munic. Corp, 675; Dillon on Munic. Corp. 3d ed. sec. 968.

Where the illegal act of the officers or agents arises out of matters within the general powers of the corporation, the municipality is liable: 2 Addison on Torts, 1301; Hildreth v. Lowell, 11 Gray, 345; Thayer v. Boston, 19 Pick. 511; Lee v. Village of Sandy Hill, 40 N. Y. 442; White v. McKeesport Borough, 101 Pa. 400; Bohan v. Avoca Borough, 154 Pa. 404; Akron v. McComb, 51 Am. Dec. 453; Harrisburg v. Sayler, 87 Pa. 216; Tiedeman on Munic. Corp. 675.

Had there been no direct authorization of the trespass on the part of the borough, it is plain that under the facts in this case the borough is liable because the acts of the borough officers were ratified subsequently; first, by paying for the work done; second, by filing a lien against plaintiff's property therefor: Tiedeman on Munic. Corp. (1894) sec. 338; Shiloh Street, 165 Pa. 386; Moore v. Mayor, 73 N. Y. 238; Bidwell v. Pittsburg, 85 Pa. 412; Silsby Mfg. Co. v. Allentown, 153 Pa. 319.

Notwithstanding the informality of some of the resolutions and ordinances, they were competent to show a general authority in the street and bridge committee and street commissioner to act in matters such as laying sidewalks and removing obstructions from the street, and therefore were material to the case at hand as bringing it within the principle that a municipality is liable for the torts of its officers done without special authority, but in the scope of their duties and employment: Lee v. Sandy Hill Village, 40 N. Y. 442; Bohan v. Avoca Borough, 154 Pa. 404.

PER CURIAM, March 16, 1896:

Our consideration of this record has not convinced us that either of the defendants' twenty-two specifications of error should be sustained. In view of the testimony, and the learned trial judge's instructions to the jury, their verdict necessarily implies the finding of facts which render the borough, as well as the other defendants, liable for the trespass that was clearly and conclusively shown to have been committed. We find no substantial error, in the course of the trial, or in the submission of the case to the jury; nor, do we think there is anything in either of the questions involved that requires discussion. We are all of opinion that the judgment should not be disturbed.

Judgment affirmed.