# Michael Reap v. City of Scranton and Anthony Knight, Appellants.

*Actions—Eminent domain—Trespass.*

When a party aggrieved institutes proceedings to have damages assessed as if there had been a taking in the exercise of the right of eminent domain, and the action falls by reason of the determination of the fact that there had not been such taking as entitled him to have the damages assessed in that way, the remedy of trespass or ejectment survives. The plaintiff cannot be said to be bound by an election of remedies.

Argued Jan. 13, 1898. Appeal, No. 3, Jan. T., 1898, by defendants, from judgment of C. P. Lackawanna Co., Sept. T., 1892, No. 744, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Trespass. Before ARCHBALD, P. J.

It appears from the evidence that in October, 1887, an ordinance was passed by the councils of the city of Scranton and approved by the mayor, for the construction of a foot bridge over Leach's Creek and on plaintiff's property; that Mr. Knight, the contractor, built the work. There was no provision in the ordinance for the taking of anybody's property, nor was there any provision there for any compensation if any property was taken. It appears that in the execution of the work the contractor found it necessary to enter upon the premises of Mr. Reap to build a wall there occupying a part of his premises, and by so doing rendered more or less damage to the plaintiff's property. Plaintiff subsequently instituted proceedings for the appointment of viewers for the assessment of damages, alleging taking under the right of eminent domain. The report of the viewers was made and appealed from and at the trial before a jury a voluntary nonsuit was suffered by the plaintiff, Michael Reap.

At the trial an offer of evidence was made and rejected, under objection, of the proceedings for the assessment of damages under the alleged taking, for the purpose of showing that Michael Reap waived any trespass which may have been com-

mitted by the city in taking his land, and voluntarily submitted himself to the statutory proceedings which are provided for the ascertainment of the damages in the case. [5]

A verdict was rendered for the plaintiff and a motion for a new trial being made was dismissed in the following opinion by ARCHBALD, P. J.

At the trial of the issue in the former proceedings instituted by the plaintiff, the city solicitor raised the point that there had been no taking by the city and that no damages could be recovered upon that basis. Upon an inspection of the ordinance by which the work was provided for, I was satisfied that it neither contemplated nor authorized any condemnation of the plaintiff's property, and therefore sustained the objection. As the plaintiff in the petition by which the proceedings had been instituted, alleged and relied on an actual taking of his property, upon this ruling having been made, he suffered a voluntary nonsuit and abandoned the case. It is now urged that having elected to follow the remedy given by the statute where property is taken, injured or destroyed, he is bound by this and cannot maintain the present action of trespass, the trespass if any, being thereby waived. This seems to practically say that having been cast at the instance of the city in his former proceedings because there was no taking, he must now be cast in these, because there was. We cannot agree to this conclusion or result. The city has never been willing to concede that any part of the plaintiff's property was occupied by the wing wall which was erected in front of it, and on the contrary both in the former trial and in this has stoutly maintained that there was not. Further than that, as we have seen, it was urged— and successfully too—that there was no precedent corporate act by ordinance or otherwise looking to the taking of any property in the construction of the improvement, and that the city could not be bound as though there was. After this there was nothing left for the plaintiff to do but to fall back upon his common law rights. No compensation having been tendered him if there was an intrusion by the municipal authorities and a permanent occupation of his premises, it was a trespass for which he was entitled to damages. He cannot be held to have made an election and waived his rights in the face of the objection to

34          REAP *v.* SCRANTON.

Opinion of Court below—Assignment of Errors.    [7 Pa. Superior Ct.

the validity of the proceedings by which such election and
waiver are now sought to be set up against him.    The city as
well as an individual must be reasonably consistent.    She ought
not to be able to assume one position at one time and another
at another, according as it suits her convenience.    I intend no
criticism in this upon the present accomplished city solicitor,
nor the learned gentleman who preceded him in that office by
whom the former case was conducted.    But a change in the
incumbents of the office and the different views entertained by
them does not permit a shifting of positions by the city herself
to the plaintiff's detriment.    The right to maintain the present
action is sustained by the decision in Brink v. The Borough of
Dunmore, 174 Pa. 395, and the former proceedings having been
abandoned upon the objection to their maintenance made by ·
the city, there is nothing to prevent the plaintiff's recovery.    It
may be added that this case differs materially from that of Gas
& Water Co. v. Yoder, 112 Pa. 136.    There the plaintiff went
before the viewers and had his damages assessed, and the award
which they made was accepted as final by both parties and was
not appealed from.    It was accordingly held that as the award
covered all the damages sought to be recovered in the action of
trespass subsequently prosecuted, the action could not be main-
tained; to allow it the plaintiff, as pointed out by the Supreme
Court, would be twice paid for the same thing.    The rule for a
new trial is discharged.

Verdict and judgment for plaintiff for $800.    City of Scran-
ton appealed.

*Errors assigned* among others were (1) In allowing plaintiff
to amend the declaration.    (3) In sustaining objection to de-
fendant's offer of testimony to prove by witness on the stand
the condition of the road in front of the plaintiff's property at
and immediately before the time of the building of this wall.
(5) In sustaining plaintiff's objection to the evidence offered by
defendant of the record and files in the matter of the assessment
of damages of Michael Reap to the widening of West Market
street of Scranton.    In the court of common pleas of Lackawanna
county, No. 616, October term, 1888.    The offer being made for
the purpose of showing a waiver of trespass and voluntary submis-
sion to the statutory proceedings provided for the ascertainment

of damage in such cases.    (6) In refusing binding instructions for defendant.

*M. A. McGinley*, city solicitor, for appellant.—The principal error committed by the court below in our judgment consisted in holding that the plaintiff could resort to the common law action of trespass after having voluntarily submitted the question of his damages to the statutory tribunal afforded by the acts of assembly: Gas Co. v. Yoder, 112 Pa. 136.

*E. C. Newcomb*, with him *C. Comegys*, for appellee.—For a naked trespass, such as was undoubtedly committed in this case, an action in trespass for damages against a municipality is the only proper and adequate remedy: County v. Brower, 117 Pa. 647 ; Brink v. Dunmore Borough, 174 Pa. 395.

PER CURIAM, February 19, 1898 :
We are not prepared to say that the amendment of the declaration, even as described in the defendant's brief of argument, was not allowable.    When the object of an amendment is not to forsake the original cause of action but to adhere to it, and effect a recovery upon it, it is the duty of the court to permit it, in order that the whole merits of the case may be reached: Rodrigue v. Curcier, 15 S. & R. 81 ; City Iron Works v. Barber, 102 Pa. 156 ; Same v. Same, 118 Pa. 6 ; Bradford v. Downs, 126 Pa. 622.    We ought not to be asked, however, to express a decided opinion upon the applicability of this familiar and well settled principle to the present case, because neither the original nor the amended statement has been printed.

There was no substantial error in admitting the testimony specified in the second assignment—its effect being restricted as indicated by the court in its ruling upon the motions to strike out, and in the instructions given to the jury.

It is not made clear by the offer itself what was the purpose of the evidence referred to in the third assignment.    Judging of its purpose from the testimony of the witness which preceded and led up to the offer, it was properly rejected.    Of course the defendants were entitled to show the width of the turnpike and its situation and condition as related to the plaintiff's lot.    All such testimony offered on either side was admitted.    But the fact that there was a public necessity for the improvement was

irrelevant; it did not affect the question of the plaintiff's right to compensation for the injury sustained by him. This appears to have been the whole effect of the ruling, and thus understood it was not erroneous.

The principal question raised by the remaining assignments of error is as to the right of the plaintiff to maintain an action of trespass. It is urged that, having instituted proceedings to have his damages assessed as if there had been a taking in the exercise of the right of eminent domain, he waived the trespass. We fail to see how this position can be maintained, when, as the record of the trial of that case shows, he was practically put out of court upon the ground that there had been no such taking as entitled him to have the damages assessed in that way; and, therefore, that his remedy was by an action of trespass or an action of ejectment. This ruling, which virtually compelled the plaintiff to abandon those proceedings and to resort to his common-law remedy, was invited by the objections raised by the city, which, in view of the testimony that there had been an actual occupation of the plaintiff's land, meant just what the court construed them to mean, or they did not mean anything. But surely the plaintiff was entitled to recover in one form or the other for the intrusion upon and injury to his land. If it was not appropriated in the exercise of the right of eminent domain, that is, if there was no precedent corporate action by ordinance to found a proceeding under the statute, then, in entering and building a wall upon it, without paying or tendering security for the damages or having them assessed, the defendants were trespassers and were liable as such: Brink v. Dunmore, 174 Pa. 395. Under the pleadings and evidence the judgment entered is a complete bar to any further recovery of damages on account of that taking (which it is to be observed was permanent in its nature), and under the circumstances the city cannot consistently complain that they ought to have been assessed in the former proceedings. If either party is to be regarded as bound by an election of remedies it is the city, and not the plaintiff. The precise question raised by the special facts of the case is clearly stated and correctly decided in the opinion of the learned president judge, discharging the rule for new trial, and nothing further need be added by us.

For reasons suggested on the argument we might have refused to consider the case at all; we have, however, overlooked the noncompliance with our rules, and, as far as the printed record has enabled us, have passed on the substantial questions in the case.

Judgment affirmed.