## Sisters of the Third Order of Saint Francis, Appellant, v. Millvale Borough.

*Road law—Widening—Grading and paving—Damages—Benefits —Width of street—Report of viewers—Noncompletion of work.*

Where a borough ordinance provided for the grading, paving and curbing of a street which had been dedicated by a plan of lots, and the plans for the improvement are made and carried out on the assumption that the street was fifty feet in width, and a jury of view appointed under the Act of May 26, 1891, P. L. 117, assessed benefits from which assessment an appeal was taken, it is reversible error, for the court at the trial of the appeal, to refuse to admit evidence that the street was in fact less than fifty feet in width, that it had been widened in the improvement, and that land had been taken by the borough, if it appears that the plaintiff in the appeal had filed a petition for the appointment of viewers to assess damages for the widening of the street, and that proceedings under this petition had been vacated at the instance of the borough on the ground that the plaintiff had claimed damages before the first viewers, and that all matters in controversy were before the court upon the appeal from the assessment of such viewers.

Such action of the borough estops it, on the trial of the appeals, from objecting that the owner had not pursued his action at law for damages for the taking of his land.

The widening of the street is not an usual and necessary incident in curbing, grading and paving where the land taken is used for travel. Where additional land is necessary outside of the street lines to sustain the slope or embankments, such taking may be incident to the grading, but this is not the case where the land taken is used for actual foot travel.

On the trial of an appeal from the report of a jury of view assessing benefits for grading, paving and curbing a street, the property owner cannot defend that there was not a substantial performance of the work inasmuch as the grading was not completed, if it appears that the work was not completed at the request of the landowner who feared that it would interfere with a driveway and cause it to slip down.

On the trial of an appeal from a report of viewers assessing benefits for grading, paving and curbing a street, only that portion of the report of viewers should be admitted which refers to benefits assessed. It is improper to admit in evidence a portion of the report which states that "no assessment of damages special and apart for special benefits have been allowed." Such a statement is a conclusion of the jury of view on the question being tried on the appeal, and is not required by the act of assembly.

Argued Nov. 14, 1917. Appeal, No. 182, April T., 1917, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1914, No. 674, on verdict for defendant in case of Sisters of the Third Order of Saint Francis v. Millvale Borough. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Appeal from report of jury of view. Before DAVIS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for defendant with certificate as to special benefits in the sum of $587.16. Plaintiff appealed.

*Errors assigned* were various instructions and rulings on evidence sufficiently shown in the opinion of the Superior Court.

*Edward J. I. Gannon,* for appellant.—The court should have admitted evidence of widening: Spring Street, 112 Pa. 258; Deer v. Sheraden Boro., 220 Pa. 310.

There was no substantial performance: York v. Stauffer, 53 Pa. Superior Ct. 590.

The court erred in admitting the viewers report to show their action on the question of damages: Fraser v. Pittsburgh, 41 Pa. Superior Ct. 105.

*C. E. Theobald,* for appellee.

OPINION BY KEPHART, J., March 2, 1918:

It appears from the defendant's testimony that Ever-

green avenue a number of years ago was dedicated by a plan of lots as a public street of a width of fifty feet. For a long period of time the public used some twenty-five or thirty feet of this width as a highway. The Borough of Millvale adopted an ordinance wherein it was provided "That Evergreen avenue......be graded, paved and curbed......in conformity to the plans and specifications to be prepared by the borough engineer ......" The plans were made on the assumption that the street was fifty feet in width. The work having been completed in so far as the municipal authorities contemplated, viewers were appointed to assess benefits. They found that the appellants' property had been benefited in the sum of $587.16. An appeal was taken and the jury found a like benefit. This appeal is from the judgment entered on that verdict.

The appellants endeavored to show before the viewers that the road had not been dedicated to a width of fifty feet, and the action by the Borough of Millvale in directing the grading, paving and curbing to the width of fifty feet affected a change of the lines of this street and caused a widening of the street along appellants' property. There is nothing in this record to show how the viewers regarded the appellants' claim but it was stated at the argument they refused to consider it. We do not know whether this was from insufficient evidence or lack of authority in the board of viewers to consider the question. The appellants, believing the borough had entered on their property under color of authority emanating from what they termed was a change of lines occasioned by the grading ordinance, had viewers appointed under the Act of May 24, 1878, P. L. 129. The appellee immediately moved to vacate this appointment, stating "That all work, including the grading, paving and curbing and alleged change of lines of said street was done under the ordinance aforesaid, and that said ordinance is the sole ordinance or resolution of said borough authorizing the said improvement as the same has been made and com-

pleted. The said petitioner (Sisters of St. Francis) presented their claim for damages for the said matters complained of to the said board of viewers so appointed at 2299, January Term, 1913, and that all of the matters now complained of in the proceedings at No. 1013, July Term, 1914, were fully before the viewers in said former proceeding, and are fully before your honorable court upon the appeal of the Sisters of St. Francis from the report of the said former board of viewers." The petition for the appointment of viewers substantially averred that the street had been widened and a part of the appellants' property had been taken, for which taking compensation was demanded, and that the borough had not agreed upon the amount of compensation. The court below vacated the appointment of viewers. When this case subsequently came on for trial, the appellants again offered to show that the street as dedicated was not a fifty-foot street, that a strip of ground ten feet in width upon the side of the road abutting upon appellants' property was taken by the borough, and endeavored to recover compensation for the land thus taken. The court declined to receive this evidence and excluded "any question as to widening of the street."

It will be observed that the present proceeding is under the Act of May 26, 1891, P. L. 117, which provides "That in all cases of assessment of damages for the opening or widening of any street or highway, the award of damages, if any, shall include all damages due to the grade at which said street or highway is to be opened or widened." If the street was dedicated as a fifty-foot street, or if the borough, by lawful authority, widened it and the grade was subsequently changed, followed by an ordinance for curbing and paving, we apprehend that a proceeding under the Act of 1891 would include all elements of damages arising under the several actions of the municipality. In Deer v. Sheraden Boro., 220 Pa. 307, speaking of the Act of 1891, the Supreme Court said: "It provides comprehensively for proceedings in-

tended to be instituted by municipalities in all cases of laying out, opening, widening and extending streets, alleys and lanes, and for the building of bridges, piers, abutments, sewers and other works, and for ascertaining in one proceeding all the damages suffered by all abutting owners affected thereby": Dettra v. Philadelphia, 245 Pa. 139-142. Various phases of the question as to the time for making a claim and the extent for which damages may be claimed have been considered in Dettra v. Philadelphia, supra; Frick v. Philadelphia, 60 Pa. Superior Ct. 283-289, and Braucher v. Somerset Borough, 58 Pa. Superior Ct. 130. It is quite clear that if the borough proceeded to widen the street and take the property of the appellants, without proper authority, it was a trespasser and liable as such: Brink v. Dunmore Borough, 174 Pa. 395; Reap v. Scranton, 7 Pa. Superior Ct. 32; Deer v. Sheraden Boro., supra. Nor can it be said that widening a street is a usual and necessary incident in curbing, grading and paving where the land taken is used for travel. Where additional land is necessary, outside of the street lines, to sustain the slopes or embankments, such taking may be incident to the grading, but here the land taken was used for actual foot travel. In Deer v. Sheraden Boro., supra, the paving, curbing and incidental grading were within the lines of a theretofore existing street. The ordinance establishing a change of grade, with curbing and paving, did not effect a widening of the street. It might, under some circumstances, be evidence tending to show ratification.

If the street was dedicated as a fifty-foot street and a part of it was used, from end to end, such user would draw to it the right to use the entire street to its full width without any interference from the Act of 1889 (Hileman v. Hollidaysburg Boro., 47 Pa. Superior Ct. 41; State Road, 236 Pa. 141-145) and the authority to open comes from the dedication, accepted in part by user, but for the whole width. The appellants claim the borough had no authority, statutory or otherwise, to

widen or change the street lines. The appellants then had questionable standing to have viewers appointed under the Act of 1878. Ordinarily, under such circumstances, the appellants would have been remitted to their action of trespass in the first instance, for if this was not a fifty-foot street, clearly the borough proceeded without statutory authority. When, however, the appellee, in answer to the appellants' petition under the act, agreed that this form of action embraced all questions that might be considered in relation to the improvement, it was estopped from asserting that the appellants should have recourse to their action of trespass. It waived any right it might have had to insist on that course, and quite properly agreed that one trial should conclude all questions of damages and benefits. The appellee secured the discharge of the appellants' petition for the appointment of viewers by its statement, and committed all questions between the parties to the present proceeding. There is no good reason why it should not be bound by such action. The appellants do not object, and are here insisting on its enforcement. The court should have permitted the introduction of evidence tending to show that the road was not fifty feet in width. The question of compensation for the property taken would then have been submitted to the jury. There was evidence on the part of the appellee that the street was dedicated as a fifty-foot street; this no doubt had a determining influence with the jury. The third assignment of error is sustained.

The property of the appellants, as it faces on Evergreen avenue, is hillside. On it the sidewalk was not entirely graded to conform to the street grade, but was sloped by a one and one-half to one slope to keep up the roadway into the property. The ordinance provided for grading the full width, fifty feet. It is urged there can be no recovery for benefits until the work is completed according to the ordinance. When the petition to the borough council for the grading, paving and curbing was

presented to the appellants, it was demanded by them that the sidewalk should not then be graded as it was feared the grading would interfere with the driveway and cause it to slip down. "They did not want the sidewalk graded." The appellants' evidence included the damage to the property as though the sidewalk had been graded to conform to the ordinance, and the court, in its charge, presented this phase of the case to the jury. Appellants were in a position to recover damage as if such grading over the entire street had actually taken place. The borough did not complete the grading because the appellants did not wish it to do so. The appellants are not in any position to raise the question of substantial performance of the work. See Dewhurst v. City of Allegheny, 95 Pa. 437; Ebensburg Borough v. Little, 28 Pa. Superior Ct. 469; Beaver Borough v. Davidson, 9 Pa. Superior Ct. 159-163.

The fifth assignment of error complains of the admission in evidence of that part of the report of viewers confirmed by the court in relation to the benefits assessed. The Act of 1903 provides that the report of viewers as confirmed shall be prima facie evidence of the benefits assessed. Inasmuch as this case must be retried, we suggest that the evidence be limited to that specified in the act of assembly. The evidence offered included the statement "no assessment of damages special and apart from special benefits have been allowed"; this should not have been read to the jury. It was a statement of the conclusion of the jury of view on the question then being tried before the court not required by the act of assembly. The amount of the award was evidence, but not the matters considered or not considered in arriving at it. We would not, however, reverse on this account, as the counsel for the appellants did not specifically object to it.

The judgment is reversed and a venire facias de novo awarded.