## Postal Telegraph Cable Co., Appellant, *v.* Philadelphia & Western Railway Co.

*Railroads—Construction of roadbed—Injury to telegraph line— Trespass—Eminent domain.*

1. When a railroad, in the exercise of its right of eminent domain, constructs its roadway and, in so doing, injures poles and wires of a telegraph company, the latter company cannot maintain an action of trespass against the railroad company for damages, if there was no evidence of negligence in the manner in which the defendant company constructed its line.

2. When the injury complained of is the direct, necessary and unavoidable consequence of the exercise of the right of eminent domain, the statutes have provided a remedy by a proceeding before jury of view, which remedy is exclusive of any other, and an action of trespass cannot be maintained.

Argued Oct. 7, 1918. Appeal, No. 33, Oct. T., 1918, by plaintiff, from order of C. P. No. 1, Philadelphia Co., Dec. T., 1916, No. 2441, refusing to take off nonsuit in case of Postal Telegraph Cable Co. v. Philadelphia & Western Railway Co. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for injuries to telegraph line. Before SHOEMAKER, J.

The facts are set forth in the opinion of the Superior Court.

*Error assigned* was refusal to take off nonsuit.

*Horace Michener Schell,* and with him *Frank R. Shattuck,* for appellant.—The injury was consequential and

could not be connected with the taking; and an action of trespass was the proper remedy: Mounts v. R. R. Co., 203 Pa. 128; Speer v. Monongahela R. R. Co., 255 Pa. 211; Hankey v. Philadelphia Co., 5 Pa. Superior Ct. 148; Pennsylvania R. R. Co. v. F. Duncan, 111 Pa. 352; Foust v. Pennsylvania R. R. Co., 212 Pa. 213; Rafferty v. Davis, 260 Pa. 563; Mulchanock v. Whitehall Cement Mfg. Co., 253 Pa. 262.

The telegraph company had a prior right to the occupation of the highway: Town of Essex v. Telegraph Co., 239 U. S. 313; Pensacola Tel. Co. v. West Un. Tel. Co., 96 U. S. 1.

*Henry C. Boyer,* for appellee, cited: Postal T. Co. v. Keystone State Construction Co., 63 Pa. Superior Ct. 486; Foust v. R. R., 212 Pa. 213; Stork v. Phila., 195 Pa. 101; Stephens v. Cambria & Indiana R. R., 242 Pa. 606.

OPINION BY PORTER, J., April 21, 1919:

The plaintiff company brought this action of trespass to recover damages alleged to have been sustained by the construction of the railroad of the defendant company upon and across the Gulph Road, upon which the plaintiff company had previously constructed and was operating a telegraph line, under the authority conferred by the Post Road Act of Congress of July 24, 1866. The court below, after the presentation of plaintiff's evidence, entered a judgment of nonsuit, which it subsequently refused to take off, and to this action the only specification of error goes.

The following facts were established by the pleadings: The plaintiff company had for a number of years maintained a line of poles and wires along the Gulph Road for the purposes of its business, and had complied with the Post Road Act of Congress. The defendant company became duly incorporated as a railroad company and had located and constructed its line, which crossed the Gulph Road in two places. The statement of the plaintiff al-

leged that during the construction of the roadbed of the defendant company the poles and wires of the plaintiff company were injured and destroyed, that it became necessary for the company to temporarily abandon its right-of-way, remove its poles and wires therefrom, during the period of construction of the railroad, and to restore said poles and wires to their location upon the Gulph Road after the defendant company had completed its line. The defendant company in its answer denied that the alleged injury or destruction of plaintiff's poles and wires, at the place in question, was the result of the construction of the defendant's road, or that the defendant was in any way responsible for such injury, or that the defendant in the location of its right-of-way appropriated any part of plaintiff's right-of-way or in any way interfered with its poles and wires. The evidence produced by the plaintiff at the trial would certainly have warranted a finding that the poles and wires of the plaintiff company were in some way injured at or about the time that the defendant company was grading its line and that the railroad as constructed crossed the Gulph Road at two points near the place where the injury to the poles and wires occurred, but it may very well be doubted whether a jury ought to have been permitted to infer from the evidence that the defendant company was responsible for the injury. Counsel seem to have assumed that the court and jury knew all about the case, which was probably owing to the fact that the court had already disposed of several actions growing out of this same controversy. The court entered a nonsuit "on the ground that there has been no negligence shown."

The appellant admits that the evidence produced at the trial did not establish that there had been any negligence in the manner in which the defendant's line had been constructed, but contends that the evidence shows that the injuries to plaintiff's poles and wires "were the necessary and unavoidable consequence of the construc-

tion of the railroad." Counsel for the defendant, in reply to this contention, assert that if such were the fact the Act of February 19, 1849, Section 11, P. L. 84, provides how such damages shall be assessed by a jury of view upon petition of either party, and the Act of April 8, 1856, Section 3, P. L. 289, authorizes the appointment of viewers, either before or after entry for construction. Assuming that such are the facts, can the plaintiff recover in this action of trespass? The Post Road Act confers upon this appellant the right to construct and maintain its line of telegraph over and along the road in question, provided it does not interfere with ordinary travel. Neither the State, nor the local authorities, may arbitrarily exclude the poles and wires from the highway, but they may impose reasonable restrictions and regulations: Telegraph & Telephone Co. v. Harborcreek Township, 23 Pa. Superior Ct. 437; Essex v. New England Telephone Co., 239 U. S. 313. The State may vacate the highway and thereupon the telegraph company is left without any right whatever in the land over which the highway is located. The right of the telegraph company is an easement incidental to and dependent upon the continued existence of the highway. The railroad company was exercising the right of eminent domain, conferred by the State and had the right to cross the highway in the manner provided by law. It was not appropriating the property of the telegraph company and if the construction of the line necessarily temporarily interfered with the operations of the telegraph company that was one of the regulations which might lawfully be imposed by the State upon the latter company. The right of the telegraph company and the instrumentalities which it used in the exercise of that right were property and for any injury to that property directly, necessarily and unavoidably resulting from the construction of the defendant's railroad, at the points where the lines crossed, the telephone company was entitled to compensation. When the injury is thus the

direct, necessary and unavoidable consequence of the exercise of the right of eminent domain the statutes have provided a remedy by a proceeding before a jury of view, which remedy is exclusive of any other: Stork v. Philadelphia, 195 Pa. 101; McGrane v. Railroad Co., 20 Pa. Superior Ct. 200; Postal Telegraph Co. v. Keystone State Construction Co., 63 Pa. Superior Ct. 486; Stephens v. Cambria & I. R. R. Co., 242 Pa. 608. It being conceded that there was no evidence of negligence in the manner in which the line of the defendant company was constructed, the plaintiff is not entitled to recover in this action of trespass.

The judgment is affirmed.