Horn et al. *v.* Co. of Northampton et al., Appellants.

Argued October 19, 1931.

Before TREXLER, P. J., KELLER, LINN, GAW-THROP, CUNNINGHAM and BALDRIGE, JJ. No. 205, October T., 1931, affirmed. No. 198, October T., 1931,

*Francis E. Walter,* for County of Northampton, appellant.

*Everett Kent,* for Township of Lower Mount Bethel, appellant.

*Calvin F. Smith* of *Smith and Paff,* and with him
*A. C. Labarre,* for appellees.

OPINION BY BALDRIGE, J., March 5, 1932:

This is an action in trespass brought by property
owners to recover damages for land taken, without
authority of law, in the construction of a township
road. The verdict was in plaintiffs' favor. The county
and township took separate appeals. The assignments
of error complain of the failure of the court to give
binding instructions or to enter judgment n. o. v.

On the 13th of February, 1923, the supervisors of
Lower Bethel Township petitioned the county for aid,
under the Act of June 12, 1919, P. L. 450 (36 PS 411),
to improve an old township road which traversed the
plaintiffs' land. In December, 1926, the county and
township entered into a written agreement, whereby
the township agreed to pay $60,000 toward its construc-
tion and all costs and damages resulting therefrom,
except those incurred in the diversion of surface water.
The township agreed further to ''adopt each and every
provision of such contract as the County of Northamp-
ton shall make with the successful bidder for the con-
struction of the said highway, and agrees that such
contract be, and the same is hereby made a part hereof,
hereto attached and marked Exhibit 'A.' ''

The surveys and plans furnished by the Secretary
of Highways, agreed upon to be adopted, called for a
new route 1600 feet across plaintiffs' land, in order
to eliminate a curve. In pursuance of a contract with
the county, McInerney & McNeal, Inc., the successful
bidder, went on the land of plaintiffs, made fills and
cuts, and constructed a new concrete road, 18 feet
wide.

The appellants contend that an action of trespass
did not lie, as the plaintiffs' remedy was in proceed-
ings for the appointment of viewers to assess damages.

If the defendants had taken proper, legal steps, we would be in accord with that contention. It is admitted, however, that the appellants did not follow the general road law governing the laying out and alteration of roads, or the Act of May 11, 1927, P. L. 962 (36 PS 412), which was approved prior to the execution of the agreement by the county with the contractors, giving general power to the Secretary of Highways, with the approval of the Governor and the commissioners of the county affected, to relocate any road or highway, for the construction of which an application had been filed in accordance with the provisions of the Act of 1919, supra, as amended.

The county was fully authorized to enter into the contract (Garr v. Fuls et al., 286 Pa. 137, 146), but neither the county nor the township had the right to appropriate private property without following the statutory provisions. When the county, through its contractors, invaded the plaintiffs' land, without warrant, it became a trespasser and responsible for its acts. The Supreme Court, in White v. Borough of McKeesport, 101 Pa. 394, 400, said, "Of course, in the ordinary case of the taking of land for a public work, if the corporation or municipality has not complied with the requirements of the law which authorizes the taking, a trespass is committed and a recovery may be had in an action of trespass or ejectment." In Brink v. Borough of Dunmore, 174 Pa. 395, it was held that where the borough takes a property in an irregular manner, and not precisely according to law, and does work upon it which is within the general scope of the authority of the borough, it is liable in an action of trespass for the injury committed. In Snively v. Washington Township, 218 Pa. 249, 251, after citing a number of cases, the court said, "These cases recognize the principle that where an individual has sustained an injury by the misfeasance or non-

feasance of an officer who acts, or omits to act, contrary to his duty, the law affords redress in a proper form of action to the injured party, and that supervisors will be considered agents of a township in the performance of the duties imposed upon them by law, and if in the performance of those duties the property of an individual is injured without authority of law, the township may be held liable in damages for the wrongful act.'' Further illustrations of this principle may be found in Gilmore v. Borough of Connellsville, 15 W. N. C. 342; Reap v. Scranton, 7 Pa. Superior Ct. 32; Wagner v. Salzburg Township, 132 Pa. 636.

The case of Westmoreland Chem. & C. Co. v. P. S. C., 294 Pa. 451, mainly relied upon by appellants, was a proceeding instituted before the Public Service Commission to determine the amount of damages, if any, to property abutting the improvement, incurred in the construction of a new bridge. The claim was for consequential damages—not for property taken. Mr. Justice KEPHART, in the course of his opinion, said, ''We held in that case (Blainesburg-West Brownsville Road, 293 Pa. 173), as the county was there by invitation only, and there was no legislation fixing liability on the county beyond its contribution for so acting (barring negligence), it could not be held liable.'' As the learned court below very aptly said, in commenting on that language, '' 'barring negligence' is significant. There is no difference in principle between an act of negligence and an act appropriating plaintiffs' property without any claim of right, and the common law remedy against those who do it must remain.'' It will be noted moreover that there is a clear distinction between that case and the present issue, in that consequential damages were being sought, while, here, the plaintiffs are asking damages for the land taken.

Our reasoning and conclusion are not conflicting with Greenawalt v. West Newton Borough, 64 Pa. Superior

Ct. 576; Cooper v. Scranton, 21 Pa. Superior Ct. 17; Postal Telegraph Cable Co. v. Phila. & West. Rwy. Company, 71 Pa. Superior Ct. 361, which hold that trespass does not lie where the injuries complained of are the necessary and unavoidable consequence of the exercise of the power of eminent domain, as the statutes have provided a remedy by a proceeding before a jury of view, which is exclusive. Those decisions have no bearing on a case where there was no legal authority for the attempted exercise of the power of eminent domain.

We are in entire accord with the view of the learned trial judge that the plaintiffs' remedy was in an action of trespass, but we are all of one mind that he fell into error in concluding that the township was liable. When the township entered into an agreement with the county to pay a certain amount of the expenses and cost of construction, and adopted the terms of the agreement with the contractors, it did not obligate itself to assume any responsibility for illegal acts of the county. It had the right to assume that the county would proceed in a lawful manner to have the work done. The proceedings were under the control of the county and it must answer for its own omissions. The township did not illegally appropriate the plaintiffs' land, or lay out and construct the road; it was not a wrongdoer; all its actions were in accordance with law: Wagner v. Salzburg Township, supra.

In the recent case of Greene County v. Center Township, 305 Pa. 79, a certain highway was in need of reconstruction and the supervisors, on behalf of the township, sought the aid of the county, and agreed to pay one-half the total expenses of the improvement. All the necessary steps were taken and the approval of the grand jury and the court obtained. The contract made by the county with the contractor inadvertently set forth that the county would pay all,

instead of one-half, the cost. This error was subsequently corrected with the approval of the court. After the work was completed, the township refused to pay its one-half of the cost. Mr. Justice KEPHART, in the course of the opinion, said, "How could the county formally bind itself to do an act, when the indispensable prerequisite to the doing of this act was the obtaining of the approval of the grand jury and the court of quarter sessions? ...... The county did not even possess the power of eminent domain prior to approval by grand jury and court, nor could the county invite proposals, accept bids, or award contracts for the construction until such approval had been obtained ...... It is possible that in a given case the township might wish to be relieved of its obligation while the proceedings were pending in court. The procedure contemplates such step by providing that the court for cause deemed sufficient may disapprove the project. There may be instances, such as an objection by the township as to cost or other matters, where the power to disapprove may be wisely exercised."

Whether the county may recoup against the township under this agreement is another matter which we are not called upon to decide. In so far as the plaintiffs are concerned, the county is the trespasser.

The appeal in No. 205, October Term, 1931, wherein the County of Northampton is the appellant, is affirmed.

In the appeal in No. 198, October Term, 1931, wherein the township is the appellant, judgment is reversed. All costs to be paid by the County of Northampton.