## Hawkins et al. v. Department of Highways

J. *Salem Flack*, for petitioners; *John C. Judson*, for Department of Highways.

GIBSON, J., March 3, 1934.—The Act of June 22, 1931, P. L. 673, 36 PS §§347-349, authorizes the Department of Highways to enter upon private property adjacent to or in the vicinity of highways or bridges constructed or maintained in whole or in part by the Commonwealth or under the jurisdiction of the Department of Highways, and change or protect existing stream channels where it is deemed advisable in order to protect improved highways or bridges from damage due to erosion or high water. The act also provides that in the event the owner and the Secretary of Highways shall not agree upon the damages, either party may present a petition to the court of quarter sessions for the

appointment of viewers to ascertain and assess such damages, which damages, when ascertained, shall be paid by the Department of Highways.

Under section 8 of the Act of May 31, 1911, 36 PS §61, as last amended by the Act of June 26, 1931, P. L. 1388, sec. 1, the Secretary of Highways, with the approval of the Governor, may change or alter or establish the width, lines, location, or grades of any State highway "not . . . exceeding the maximum width fixed by law for public roads."

Under the Act of 1911, sec. 16 (36 PS §171), as amended by the Act of June 26, 1931, sec. 4, the damages so caused by the divergence of the course of the road shall be paid by the county.

The maximum width for a public road is fixed by the Act of June 13, 1836, P. L. 551, 36 PS § 1901, as last amended by the Act of June 22, 1931, P. L. 676, at 120 feet, in addition to the width required for necessary slopes in cuts or fills when the limits of the road and the extra width required for such slopes exceed the limit of 120 feet.

The owners of certain property presented their petition in the court of quarter sessions at no. 3, May term, 1933, praying for the appointment of viewers to determine damages for the relocation of a State highway in East Bethlehem Township, a part of State Highway Route no. 88, averring that the Department of Highways had constructed a bridge over Tenmile Creek in said township, and in the construction of the bridge and making the improvements approaching the same certain land of the petitioners had been taken, and also that certain land had been taken by the changing of the watercourse upon the property of the petitioners, causing damage, etc., and averring that the County of Washington was liable. Upon this petition viewers were appointed, who awarded damages payable by the County of Washington, but refused to allow damages by reason of the change of location of the stream. .

Following this, the same property owners presented their petition at no. 1, August term, 1933, alleging their ownership of the premises abutting on State Highway Route no. 88, and describing the land. They also set forth "that during the year 1932 and 1933 the Department of Highways of the Commonwealth of Pennsylvania did enter upon the premises above described and changed the existing stream channel in order to protect the improved highway within the limits of East Bethlehem Township", etc. They further allege that the damages have not been agreed upon and that the Department of Highways, in the changing of said stream and the taking of the land therefor, has damaged the petitioners' property. Upon this petition, viewers were appointed, whereupon the Department of Highways filed its petition praying that the petition for the appointment of viewers be dismissed and the appointment revoked, alleging as the reason therefor that the damages caused by the change of stream channel should have been disposed of in the previous proceeding at no. 3, May term, 1933, in which case the damages would be paid by Washington County, and further claiming that the petition for viewers does not specify the act of assembly under which the application is made. With the various petitions and answers there has been submitted, by a stipulation, as evidence, a plan showing the relocation of the highway and also the location of a stream which formerly crossed the land used for the relocated highway, which stream has been changed, so that instead of crossing the relocated highway, the stream is carried through a new channel parallel with the relocated highway. It is also observed from this plan that this relocated stream is entirely outside of the relocated highway and the "required limit of slope" and that the relocated highway, including the required limit of slope, takes up a width of not less than 120 feet.

The final real question involved is whether the damages, if any, caused by the relocation of the stream, should be paid by the County of Washington as a part of the damages arising from the relocation of the highway or by the Department of Highways.

It is clear that the Department of Highways has the right, under the Act of 1931, to change the location of the stream, where that department deems it advisable to protect this highway from damage due to erosion or high water. We have not been referred to, neither have we been able to find, any other act of assembly authorizing the Department of Highways to remove a stream crossed by a relocated State highway and to appropriate land and construct a channel for that stream outside of the permissible width of a State highway. We think it is properly to be assumed that the action of the Department of Highways in so appropriating land and constructing a new channel for the stream was lawfully done, in which event liability for the damages arising would be imposed upon the Department of Highways under the Act of June 22, 1931, P. L. 673.

In any event, liability for the damages could not be imposed upon the County of Washington unless there was a statutory provision clearly or by necessary inference imposing the liability for such damages upon the county: New York Central R. R. Co. v. Venango County, 105 Pa. Superior Ct. 245; Horn et al. v. Northampton County et al., 105 Pa. Superior Ct. 171; Fetherolf's Petition, 84 Pa. Superior Ct. 514. According to the plan referred to, the new location of the stream is entirely outside the relocated road and the slopes for fills as designated on the plan. As we view it, the liability of the County of Washington is limited to damages arising from the taking of land necessary for the relocated road and the necessary slopes, as the county has no liability for land taken beyond those limits which are fixed by law.

This brings us to the only question to be considered at present, namely: Does the petition at no. 1, August term, 1933, praying for the appointment of viewers for alleged damages caused by the change of the location of the stream, allege sufficient facts to justify their appointment?

As we have stated above, the petition alleges ownership of the land taken and injured, the entry by the Department of Highways, the change of the course of the stream channel "in order to protect the improved highway", the failure of the department and owners to agree upon the damages, and that damages were caused by such change.

It is not necessary that the date of the specific act of assembly be set forth in the petition, or that the petitioner there designate where the act may be found. It is sufficient if the petition alleges the necessary facts, so that the provisions of the act may be brought into effect. It is not necessary that the precise language of the act be set forth in the petition. The allegation of the petition, "did enter upon the premises above described and change the existing stream channel in order to protect the improved highway", is in our opinion sufficient, without adding the additional language of the act, "from damages due to erosion or high water", which was evidently intended by the petitioners, since that is the only lawful purpose for which the Department of Highways could change the course of a stream crossed by its relocated highway.

Since the allegations set forth in the petition for the appointment of viewers appear to be sufficient, the rule granted on the petition of the Department of Highways, under date of October 14, 1933, must be dismissed.

### Decree

And now, March 3, 1934, rule granted on the petition of the Department of Highways, by order dated October 14, 1933, is hereby dismissed.

From Harry D. Hamilton, Washington, Pa.