## Hoch's Appeal.

1. The Act of June 28th 1871, permitting money in sheriffs' hands to be, by agreement, considered in court, is not retroactive.

2. Previously to that act, it was agreed that money in a sheriff's hands should be considered in court, and an auditor's report making distribution was confirmed. *Held*, that the whole proceeding was void for want of jurisdiction.

3. The money not being in court, the agreement of the parties could not give the court power to distribute.

May 18th 1872.   Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ.

Appeal from the decree of the Court of Common Pleas of *Cumberland county*: Of May Term 1872, No. 88.   In the distribution of the proceeds of the sheriff's sale of the real estate of Benjamin Keller.

Keller's real estate was sold under a venditioni to January Term 1869, at the suit of George N. Hoch.   The proceeds of sale after payment of costs amounted to $750.

January 18th 1869, by consent, the money made on this writ was considered in court, and William B. Parker, Esq., appointed auditor to report the facts and to make distribution.

The auditor reported distribution to various lien-creditors in full of their claims, and awarded $311.06, the remainder of the fund in court, to Hoch on his judgment and execution, his real debt being $1536.   The report was confirmed absolutely March 14th 1870.

"June 3d 1870.   The within report being erroneous as per errors appearing on the report itself, the confirmation is vacated, and the report is referred back to the auditor for correction and revision."

The auditor by his second report awarded to Hoch $106.94.

This report was filed January 9th 1871, confirmed *nisi* January 17th 1871, and confirmed absolutely January 30th 1871.

Hoch appealed to the Supreme Court June 5th 1871, and assigned for error the order of the Court of Common Pleas of June 3d 1870.

*F. E. Beltzhoover* and *J. Corman* (with whom was *W. M. Penrose*), for appellant.

*J. Hays*, for appellee.

The opinion of the court was delivered, October 17th 1872, by

WILLIAMS, J.—It is clear that the appeal in this case must be dismissed. If the absolute confirmation of the auditor's report is to be regarded as a decree of distribution, then the appeal, not having been taken within the twenty days allowed by the act, was too late : Dawson's Appeal, 3 Harris 480. But if it cannot be so regarded, then the appeal was premature. The whole proceedings were manifestly erroneous and void for want of jurisdiction. The money was not in court when the auditor was appointed to make distribution, and, so far as appears, is still in the hands of the sheriff. The fund not being within its grasp, the court had no power, even with the agreement of the parties interested, to decree its distribution : Williams's Appeal, 9 Barr 267 ; Masser *v.* Dewart, 10 Wright 534 ; Atkins's Appeal, 8 P. F. Smith 86. Nor was the defect cured by the Act of 28th June 1871, relating to the distribution of moneys raised by sheriff's sales, P. L. 1376, which was not intended to be retroactive.

Appeal quashed.