## McGrane, Appellant *v.* Philadelphia & Reading Railway Company.

*Railroads—Municipalities—Public improvement—Obstruction of ingress and egress.*

Where a city undertakes a great public improvement by which the tracks of a railroad are sunk below level for the purpose of abolishing grade crossings, and the city by ordinance assumes responsibility for "the construction and removal of temporary railroad tracks and the maintenance of railroad and highway travel during the construction," the railroad company is not liable to a property owner for an injury caused by the preven-

tion of free ingress to and egress from the owner's premises resulting from the laying of a temporary track in front of them, where no negligence in the operation of the road is shown.

Argued Dec. 10, 1901. Appeal, No. 155, Oct. 1901, by plaintiff, from order of C. P. No. 3, Phila. Co., Sept. T., 1899, No. 47, refusing to take off nonsuit in case of Michael McGrane v. Philadelphia & Reading Railway Company. Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ. Affirmed.

Trespass to recover damages for injuries to real estate. Before Finletter, P. J.

The facts appear by the opinion of the Superior Court.

*Error assigned* was refusal to take off nonsuit.

*Ephraim Lederer*, for appellant.—It is the settled law in this state that where a railroad is laid down upon a public street and though at grade is so constructed with reference to the property of an abutting owner that by its operation in a lawful manner access to the property if not actually cut off is rendered dangerous, the company is liable for consequential damages under article 16, section 8 of the constitution : Penna. Schuylkill Valley R. R. Co. v. Walsh, 124 Pa. 544; Duncan v. Penna. R. R. Co., 129 Pa. 198; Hartman v. Pittsburg Incline Plane Co., 159 Pa. 442; Jones v. Erie & Wyoming Valley R. R. Co., 151 Pa. 30; Penna. Co. for Ins. on Lives v. Penna. Schuylkill Valley R. R. Co., 151 Pa. 334; Northern Cent. Ry. Co. v. Holland, 11 Pa. 613.

*John G. Lamb*, for appellee.—As there can be no claim against this defendant for damages arising out of the original construction by the city of Philadelphia, it follows there can be none for its lawful operation, and the trial judge was clearly right in ruling that the plaintiff could only recover for negligent operation : Penna. R. R. Co. v. Marchant, 119 Pa. 541; Jones v. Erie etc., R. R. Co., 151 Pa. 30.

Opinion by W. D. Porter, J., April 21, 1902 :

The plaintiff in his statement averred that the defendant company had " unlawfully, wrongfully and injuriously obstructed

the footway or pavement " in front of his property at the corner of Tenth and Noble streets, in the city of Philadelphia, by laying across the same a railway track, and maintaining and operating the same from January 1, 1897, to June 13, 1899. The injury alleged was the prevention of free ingress to and egress from the premises, and that access thereto and occupancy thereof was rendered dangerous and difficult; that the property was, during the said period, rendered untenantable and that the plaintiff suffered the loss of rent, and that the property was otherwise damaged by the construction and operation of the railroad. There was no allegation that there had been negligence in the construction of the track or in the operation of the road. The track in question curved from Noble street into Tenth street and encroached upon the sidewalk at the corner of the streets; it was one of the temporary tracks provided for the purpose of enabling the railway company to continue its traffic during the period consumed in constructing the Pennsylvania avenue subway. The ordinance of the city of Philadelphia, approved March 17, 1894, "To authorize the work necessary to abolish all grade crossings on Pennsylvania avenue and Noble street," etc., was offered in evidence by the plaintiff. By the provisions of that ordinance the city of Philadelphia undertook a great public improvement, known as the subway, for the purpose of abolishing grade crossings of the streets of the city and the tracks of the Reading Railroad. The grade of Pennsylvania avenue was lowered, in doing which it was necessary to remove the tracks of the railroad company. The city assumed the absolute control and direction of and responsibility for the work; the railroad company by the acceptance of the ordinance placed itself under the dominion of the city authorities. Among the other things for which the city by the first section of the ordinance assumed responsibility, was "the construction and removal of temporary railroad tracks and the maintenance of railroad and highway travel during the construction." This ordinance, taken together with the other evidence in the case, leaves no doubt that the track in question was a temporary one provided by the city for the maintenance of railroad travel during the construction of the subway, and was the necessary and direct result of the execution of the work provided for in the ordinance. The city was liable for the in-

juries to property caused by the construction of these temporary tracks in the streets, where such injuries were the direct, immediate, necessary and unavoidable consequence of the execution of the work which it had undertaken.   For an injury of that character a proceeding before viewers would be the appropriate remedy ; but for injury by negligent performance of the work, the remedy must be by an action of trespass: Stork v. City of Philadelphia, 195 Pa. 101.   In estimating the damages to property resulting from the erection and construction of a railroad the purpose for which it is intended is to be considered. " Where the question is the obstruction of access to property by the building of a railroad it is impossible to separate the construction from the operation of the road : " Pennsylvania Schuylkill Valley Railroad Company v. Walsh, 124 Pa. 544. The city having constructed, erected and maintained the temporary track as a part of the work essential to the municipal improvement, was liable for the obstruction of access to the property resulting from the construction and operation of the road in a lawful manner.   The railroad company not being answerable in damages for the construction of the road was not liable for indirect injuries to the plaintiff which were the result merely of its subsequent operation in a lawful manner, without negligence, unskillfulness or malice: Pennsylvania Railroad Company v. Marchant, 119 Pa. 541; Jones v. Erie & Wyoming Valley Railroad Company, 151 Pa. 30.   The railroad company would have been liable for injuries resulting from the negligent operation of the road, but such negligence was neither averred nor proved.   There was no error in the refusal of the court below to take off the nonsuit, and the judgment is now affirmed.