Fyfe v. Turtle Creek Borough, Appellant.

*Sewers—Damages—Viewers—Act of May 16, 1891, P. L. 75.*

In a proceeding before viewers under the Act of May 16, 1891, P. L. 75, to recover damages for injuries to property resulting from the construction of a sewer, the damages which may be recovered are for such injuries as are the direct, immediate and necessary or unavoidable consequences of the act of eminent domain itself, irrespective of care or negligence.

Municipal authorities when adopting plans for or locating streets, sewers or other improvements, are vested with a discretion which the courts are without power to review, and upon passing upon questions of benefits or damages arising from the execution of the plan, evidence tending to

show that some other plan might have been more beneficial or less injurious is not admissible.

*Sewers—Damages—Lateral support.*

The rule which limits a private owner's liability for damages for depriving his neighbor's land of support, to the injury to the land without regard to the buildings, does not apply to a municipality which in the construction of a sewer deprives land of support and injures a building erected thereon.

When an improvement is the direct and proximate cause.of an injury, and the loss is the necessary and unavoidable consequence of a careful execution of the work, the land and every right of property thereto appurtenant is within the protection of article 16, section 8, of the constitution of Pennsylvania, and the Act of May 16, 1891, P. L. 75, affords an appropriate remedy.

Submitted April 28, 1902.   Appeal, No, 140, April T., 1902, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1901, No. 497, on verdict for plaintiff in case of Andrew Fyfe v. Turtle Creek Borough.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Appeal from award of jury of view.   Before EVANS, J.

At the trial the evidence showed that the borough.in constructing a sewer deprived plaintiff's land of lateral support so that a building thereon was injured.

Defendant presented these points:

2. The damage sustained by the plaintiff in this case was not the direct, unavoidable and necessary result of the construction of the sewer, and there can therefore be no recovery by the plaintiff in this.case.   *Answer :* Refused. [1]

4. The property of the plaintiff having been artificially improved, the jury cannot award plaintiff any damages for injury sustained by the house, but only for the injury sustained by the lot, and there being no evidence in this case as to the damage to the lot alone, the verdict must be for the defendant. *Answer :* Refused. [2]

6. That under all the evidence in this case the verdict of the jury must be for the defendant.   *Answer :* Refused. [3]

Verdict and judgment for plaintiff for $1,296.   Defendant appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*Stewart M. Cunningham,* for appellant.—The burden of proof was upon the plaintiff to show that the damage sustained by him was the direct, unavoidable and necessary result of the construction of the sewer.    The evidence produced in this case does not show that the plaintiff put in such a foundation under his house as would maintain the house and lot when the street was put to the established grade.    An owner is only entitled to such support as is required by the land in its natural state: McGuire v. Grant, 25 N. J. Law, 356 ; Gilmore v. Driscoll, 122 Mass. 199; City of Quincy v. Jones, 76 Ill. 231; Transportation Co. v. Chicago, 99 U. S. 635 ; McGettigan v. Potts, 149 Pa. 155.

Prior to the constitution of 1874 municipal corporations were not liable for injuries done to artificial improvements placed upon lots : O'Connor v. Pittsburg, 18 Pa. 187.

It would be contrary to reason and natural justice to hold that municipal corporations are liable for injuries done to artificial improvements placed on lots which are in such a condition that the digging of a trench seven to nine feet deep in the street will cause the houses and lots to slip down the hill : Stork v. Phila., 195 Pa. 101.

*V. A. Powell,* for appellee, cited : Weir's App., 81* Pa. 203 ; Green v. Reading Borough, 9 Watts, 382; Henry v. Pittsburg, etc., Bridge Co., 8 W. & S. 85; O'Connor v. Pittsburg, 18 Pa. 187.

OPINION BY W. D. PORTER, March 12, 1903 :

Wilbur avenue, in the borough of Turtle Creek, is located along a hillside.    The plaintiff was the owner of a lot on the upper side of the street, and had thereon erected a house which was completed in 1897 and subsequently occupied by the owner as a dwelling.    The borough authorities, in 1899, proceeded in a lawful manner to locate and construct a sewer along the avenue in front of plaintiff's property.    Immediately after the construction of the sewer the ground on the upper side began to slip ; this movement was deep as the bottom of the sewer and extended into plaintiff's lot so far that the dwelling house was seriously damaged.    Viewers were appointed to assess the damages and benefits arising from the construction of the sewer

under the provisions of the Act of May 16, 1891, P. L. 75; the plaintiff appealed from the award of the viewers and the defendant now assigns for error certain rulings of the court upon the jury trial.    There was no evidence that the house of the plaintiff had been built upon made ground; the natural condition existed under the foundations.    The contest in the court below involved the right of the plaintiff to recover for the injury to his building resulting from the construction of the sewer. The right of the plaintiff to recover in this action was limited to the damages arising from such injuries as were the direct, immediate and necessary or unavoidable consequences of the act of eminent domain itself, irrespective of care or negligence in the doing of it.    For such injury a proceeding before viewers is the remedy provided by law.    But for injury resulting from negligence in the performance of the work, the remedy must be by an action of trespass: Stork v. Philadelphia, 195 Pa. 101.    Municipal authorities when adopting plans for or locating streets, sewers or other improvements, are vested with a discretion which the courts are without power to review, and in passing upon questions of benefits or damages arising from the execution of the plan, evidence tending to show that some other plan might have been more beneficial or less injurious is not admissible.    A claimant is not to be turned out of court merely because in the opinion of the viewers, the court or the jury, the municipality might have adopted a different plan, which would have served all useful purposes, and worked no injury to adjoining property.    The injuries for which the municipality must answer in an action of trespass are those which result from negligence in the execution of the plan adopted: Chatham Street, 16 Pa. Superior Ct. 103.

The plaintiff presented evidence which if believed was sufficient to sustain a finding that the plan adopted by the borough could not have been executed upon that location without causing the injury to plaintiff's building for which he sought to recover.    The court could not in the face of this evidence declare as matter of law that the injury to the building " was not the direct, unavoidable and necessary result of the construction of the sewer," and defendant's second prayer for instructions was properly refused.    The learned judge of the court below left this question to the jury with instructions which were too clear

and accurate to admit of misunderstanding. We must accept the verdict rendered under this charge as a distinct finding upon the questions of fact involved. The injury to the building did not result from the grading of the street, the natural condition of the ground, or any cause other than the construction of the sewer; that injury was the direct and necessary result of the construction of the sewer in accordance with the plan, was not caused by negligence on the part of the borough or the contractor in the execution of the work, and could not have been avoided by careful performance. The plaintiff could not upon this state of facts have recovered for the injury in an action of trespass against the borough: Pennsylvania Railroad Company v. Lippincott, 116 Pa. 472; McGrane v. Phila. & Reading Railway Company, 20 Pa. Superior Ct. 200. The first specification of error is overruled.

The second and third specifications of error involve the question of the right of the plaintiff to recover damages for the injury to his building resulting from the construction of the sewer. The argument of the appellant is that the injury resulted from the deprivation of lateral support caused by the cutting of the sewer through the natural stratification; that as between private individuals owning adjoining lands the damages recoverable, under like circumstances, are limited to the injury to the land in its natural condition, without regard to artificial improvements; and that the same rule must be applied in ascertaining the damages recoverable from a corporation exercising the right of eminent domain. The right of lateral support, as between individual owners, is the right to have land in its natural state supported by the adjacent land. It is an incident to the land, a right of property necessarily and naturally attached to the soil. It is well settled that the right appertains only to the land, and not to buildings and other artificial improvements thereon erected. When an owner makes an excavation upon his land, in a manner free from negligence, and so deprives a neighbor's property of lateral support, his liability for damages is limited to the injury to the land without regard to the buildings: Gilmore v. Driscoll, 122 Mass. 199; City of Quincy v. Jones, 76 Ill. 231; Transportation Company v. Chicago, 99 U. S. 635; McGettigan v. Potts, 149 Pa. 155; Matulys v. Phila. & Reading Coal &

Iron Co., 201 Pa. 70.   The deprivation, by a private owner of an adjoining property, of lateral support is an unlawful act, which the court will restrain by injunction: Weir & Bell's App., 81* Pa. 203.   The owner of land which abuts upon a public street cannot be said to possess the right of lateral support, as against the commonwealth or its municipal agent, which regulates the highway, in the same sense in which that right is sustained between individual owners of land.   The commonwealth, acting through the duly constituted authorities, may so lower the grade of a street as to deprive both land and buildings of lateral support, and the owner must submit.   At common law such an injury was without remedy when no property was actually taken, and the owner was left without compensation: Green v. Borough of Reading, 9 Watts, 382; Henry v. Pittsburg & Allegheny Bridge Company, 8 W. & S. 85; O'Connor v. Pittsburg, 18 Pa. 187.   The same rule prevailed with regard to the construction of sewers and other public improvements within the lines of the highway.   The municipality, or its contractor, was liable in an action of trespass for an injury resulting from negligence in the manner of doing the work, but was exempt from liability for such injuries as were the necessary and unavoidable result of a careful execution of the plan.   The hardship of this rule was recognized and commented upon with great force in O'Connor v. Pittsburg.   Special acts of assembly as to certain municipalities mitigated the injustice, but it remained for the constitution of 1874, article 16, section 8, to insure a radical and permanent remedy, by incorporating into the organic law the principle: "Municipal and other corporations and individuals invested with the privilege of taking private property for public use shall make just compensation for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements."   This gave to the owner of property injured the same protection which had formerly been extended to him whose property was actually taken.   When an improvement is the direct and proximate cause of the injury, and the loss is the necessary and unavoidable consequence of a careful execution of the work, the land and every right of property thereto appurtenant is within the protection of the constitutional provision, and the act of 1891 affords an appropriate remedy:

Mellor v. Philadelphia, 160 Pa. 614; Denniston v. Philadelphia Company, 161 Pa. 41; Ladd v. Philadelphia, 171 Pa. 485; In re Melon Street, 182 Pa. 397. The appellant was not an adjoining owner of land in the sense in which that term is used in connection with the right of lateral support. It was the representative of the inhabitants of the borough, and held in trust for the public use an easement upon the land, with the right and power to construct therein sewers and subject it to other urban necessities or conveniences, but the fee was in the owners of the abutting land. The borough could not be called upon to make compensation for the imposition of an additional servitude upon the strip of ground within which the sewer was laid, but for an injury to the other property of the plaintiff directly and necessarily resulting from the construction of the sewer, compensation must be made: McDevitt v. People' Nat. Gas Company, 160 Pa. 367. In determining the amount of damages to which an owner is entitled the land, with the improvements upon it, and the uses to which it may be devoted, must all be considered, not as independent claims, but as elements affecting the market value and the increase or decrease thereof resulting from the public improvement: O'Brien v. Philadelphia, 150 Pa. 589; Groff v. Philadelphia, 150 Pa. 594; Dawson v. Pittsburg, 159 Pa. 317; Patton v. Philadelphia, 175 Pa. 88. All the assignments of errors are dismissed and the judgment is affirmed.