## Jones *v.* Greenfield, Appellant.

*Lateral support—Buildings and structures—Damages.*

The right of lateral support as between individual owners is the right to have land in its natural state supported by the adjacent land. It is an incident to the land, a right of property necessarily and naturally attached to the soil.

When an owner makes an excavation upon his land, in a manner free from negligence, and so deprives a neighbor's property of lateral support, his liability for damages is limited to the injury to the land without regard to the buildings or structures thereon.

*Practice, C. P.—Trial—Points—Charge.*

A trial judge is not bound to answer in detail every point that counsel may put to him, nor even to affirm a correct legal proposition in the exact phrase presented. If the law applicable to the case is plainly, fully and accurately stated, there is no cause of complaint if the judge chooses to express it in his own words. To dispose formally of points submitted without reading them to the jury, the charge of the court should not omit anything favorable to either side, nor should it contain any erroneous statement of law or fact that is raised by a point submitted for special instruction.

Argued Oct. 8, 1903. Appeal, No. 60, Oct. T., 1903, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1901, No. 856, on verdict for plaintiff in case of Rosa C. Jones v. Benjamin Greenfield. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Trespass to recover damages for an alleged injury to real estate. Before AUDENREID, J.

The opinion of the Superior Court states the case.

The defendant presented the following points, all of which were declined without being read to the jury:

1. If the wall between the plaintiff's property and the defendant's property fell before the plaintiff became the owner of her property, she cannot recover for the said wall.

2. If the wall between the plaintiff's property and the defendant's property fell before the plaintiff became the owner of her property, the defendant is not liable to the plaintiff for any damage caused by its fall, and he is not bound to pay for the cost of a new wall or the cost of filling in dirt in place of the dirt that fell into his property from the plaintiff's property, or for the cost of a new privy well, and this even though the said privy well fell subsequently during the ownership of the plaintiff.

3. If the wall between the plaintiff's property and the defendant's property was not a good, substantial and well built wall, and it fell by reason of its defective construction and condition, there can be no recovery by the plaintiff against the defendant for said wall.

4. If the wall between the plaintiff's property and the defendant's property fell in April, 1895, and the rear of the plaintiff's property was unprotected against rains and drainage of her own lot, and the privy well fell in April, 1898, she cannot recover against the defendant.

5. If there was a drain pipe on the plaintiff's property which ran into the privy well located upon her property, and kitchen or other water flowed into the privy well by means of the said drain pipe, and the said privy well was not sufficiently strong and well built, and the privy well collapsed and fell, there can be no recovery against the said defendant for the said privy well.

6. If the privy well which was located upon plaintiff's property, and which she claims collapsed and fell, was constructed of stone, without the use of mortar or cement, there can be no recovery against the defendant for said privy well.

7. If the defendant used ordinary care and diligence in excavating and improving his lot of ground, there can be no recovery against him by the plaintiff.

8. The grade of Riley street (now called Dupont street), upon which the property of the plaintiff is located, being higher than that of Krams avenue, upon which the property of the defendant is located, the said defendant has the right

to improve or excavate his lot of ground so as to conform with the grade of said Krams avenue, and there can be no recovery against him by the said plaintiff if he used ordinary care and diligence in improving and excavating his lot of ground.

9. If the plaintiff's lot was improved before that of the defendant, and the defendant subsequently improved his lot and did the work in a workmanlike manner, the plaintiff cannot recover.

10. The defendant had the right to blast with powder or other material used for that purpose, upon his own property, so as to improve his lot and to conform to the grade of Krams avenue, and this even if the blasting was done near the line of the plaintiff's property. He is only bound to use due care and to perform the work in the usual workmanlike manner.

11. The plaintiff, before she can recover any damage in this suit, must show by evidence that the defendant, during the plaintiff's ownership of her lot, made excavations in an unusual, unreasonable and negligent manner upon his property, which caused the damage she complains of.

12. The plaintiff's property being higher than the defendant's property, it is the duty of the plaintiff to retain the soil of her lot upon her own lot, and so retain the soil at her own cost and expense.

13. The defendant was under no duty in law to support the soil and privy well of the plaintiff, or a retaining wall if she had one at the rear of her property.

14. Under all of the evidence, the verdict should be for the defendant.

Verdict for plaintiff for $367 upon which judgment was entered for $250, all above that amount having been remitted.

*Errors assigned* were (1–14) refusal of defendant's points.

*Frederick A. Sobernheimer*, for appellant.—Negligence in a case of this kind is not to be presumed or implied, but it must be clearly shown; it cannot be left to inference. There was not the slightest evidence of the want of care on the part of the defendant. There was no evidence that any other person

would have performed the work in a different manner from the way in which the defendant performed his work and improved his lot: McGettigan v. Potts, 149 Pa. 155; Fyfe v. Turtle Creek Boro, 22 Pa. Superior Ct. 292.

The points for charge submitted by the defendant were properly drawn and presented questions that fairly arose in the case and could have been answered by a simple affirmance or refusal. Under these circumstances, the rule is that the defendant was entitled to a distinct and responsive answer to his points : Whitmire v. Montgomery, 165 Pa. 253 ; Kroegher v. McConway & Torley Co., 149 Pa. 444.

*G. Von Phul Jones*, for appellee.—As to what is sufficient evidence of negligence to carry a case of this kind to the jury, we refer to the following cases : Spohn v. Dives, 174 Pa. 474 ; Witherow v. Tannehill, 194 Pa. 21.

That there being no proof of negligence the estimate of damages should have been limited to the cost of dirt displaced: Lucot v. Rodgers, 159 Pa. 58 ; Helbling v. Allegheny Cemetery Co., 201 Pa. 171; Gift v. Reading, 3 Pa. Superior Ct. 359.

The judge's charge was full, fair and impartial. He explained the law in detail and all the facts that were relevant to the issue, but the judge refused to charge on the points submitted by either side for the obvious reason that what was applicable to the present case and correct, had already been covered in the general charge. Under such circumstances no error has been committed: Herron v. Fry, 2 Penrose & Watts, 263 ; Coates v. Roberts, 4 Rawle, 100 ; Lynch v. Welsh, 3 Pa. 294 ; Ridgway v. Longaker, 18 Pa. 215 ; Groft v. Weakland, 34 Pa. 304 ; Arbuckle v. Thompson, 37 Pa. 170.

OPINION BY ORLADY, J., July 28, 1904 :

The plaintiff's claim is for damages caused by the defendant making an excavation on his own property so as to cause a portion of the plaintiff's land to be loosened and to slide, together with a wall for its protection, into the excavation made by the defendant, which excavation was made by digging and blasting, in order to make the grade of the lot conform to the grade of the street upon which it fronted.

The defendant was the owner of his property at the time the

plaintiff acquired title to her lot which was situated on higher ground, the soil being held in place by a dry stone wall that had been erected by her predecessor in title, which wall fell in 1895 and was never reconstructed, although suit was not brought until April 1, 1901.

It is evident that the testimony adduced on the trial did not warrant the verdict returned by the jury, as the court reduced it from $367 to $260, and an examination of the record shows that the latter sum is not based upon sufficient evidence to sustain it. There should not be any controversy as to the legal principles applied to such a case, they have been so recently considered by Judge PORTER in Fyfe v. Turtle Creek Borough, 22 Pa. Superior Ct. 292, that it is not necessary to recapitulate them. The right of lateral support, as between individual owners, is the right to have land in its natural state supported by the adjacent land. It is an incident to the land, a right of property necessarily and naturally attached to the soil.

It is also so well settled that the right appertains only to the land, and not to buildings and other artificial improvements thereon erected. When an owner makes an excavation upon his land, in a manner free from negligence, and so deprives a neighbor's property of lateral support, his liability for damages is limited to the injury to the land without regard to the buildings.

The appellee urges that no attempt was made to recover for the value of the wall but only for damages sufficient to restore the property to its former grade, yet on the trial the plaintiff was permitted under objection to prove the cost of construction of a new wall, containing sixty-four and one half cubic yards while the old wall contained but seven and seven tenths cubic yards of stone. The old wall was eight feet six inches high and eighteen inches thick and the one contemplated by this verdict was fourteen feet high, five feet six inches thick at the base and two feet thick at the top. The old wall cost $20.00, the estimated one would cost $340. The old wall had been down nearly six years, and the owner had never moved toward replacing it. The slip of the wall and surface earth did not affect the rock foundation on which the old wall stood, and the estimate of the necessary support to

restore the lot to its natural state should have been confined to the conditions as they existed when the wall fell, and not extended to the speculative cost of an entirely different kind of structure.

The plaintiff might well accept such a verdict as a profitable improvement of her property, rather than attempt to restore the ground to its natural state. The verdict in such a case is intended to be compensation for actual injuries sustained, and not as punitive damages. The appellee admits that since the year 1890 no such support has been necessary, so that the claim for damages to restore the property to its former grade is not consistent with the verdict.

It is well settled that a trial judge is not bound to answer in detail every point ingenious counsel may put to him, nor even to affirm a correct legal proposition in the exact phrase presented. If the law applicable to the case is plainly, fully, and accurately stated, there is no cause for complaint if the judge chooses to express it in his own words. To dispose formally of points submitted without reading them to the jury, the charge of the court should not omit anything favorable to either side, nor should it contain any erroneous statement of law or fact that is raised by a point submitted for special instruction.

The defendant was entitled to particular answers to the fifth and tenth points submitted. In the absence of negligence the measure of his liability should be limited to the injury to the land without regard to the stone wall.

The judgment is reversed and a venire facias de novo awarded.