# Knopf v. Lax, Appellant.

*Justice of the peace—Judgment—Jurisdiction—Amount—Affidavit of defense.*

On an appeal from a judgment of a justice of the peace an affidavit of defense is insufficient which avers as a set-off an amount in excess of the jurisdiction of a justice of the peace.

Argued Dec. 4, 1913. Appeal, No. 66, Oct. T., 1913, by defendant, from order of C. P. Del. Co., Dec. T. 1912, No. 10, making absolute rule for judgment for want of a sufficient affidavit of defense in case of S. Knopf v. Sam Lax. Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Appeal from judgment of justice of the peace.
Rule for judgment for want of a sufficient affidavit of defense.

JOHNSON, P. J., filed the following opinion:
This is a rule for judgment for want of a sufficient affidavit of defense.

At the hearing, both plaintiff and defendant appeared.

The only defense offered was an affidavit of defendant alleging a set-off of $300, claimed to be due him in a real estate transaction.

The affidavit was objected to and ruled out. Defendant though present, made no further defense. The magistrate gave judgment for the plaintiff. Defendant appealed. The statement of claim was substantially that claimed before the magistrate. The affidavit of defense does not deny plaintiff's claim, but claims a set-off—virtually the same defense set up before the magistrate.

The magistrate was correct in ruling out defendant's offer to set off.

The repeating the same defense in the affidavit of defense will not avail defendant.

Plaintiff is entitled to judgment.

Rule absolute.

*Error assigned* was the order of the court.

*J. DeH. White* and *W. S. Sykes*, for appellant.

*Albert Dutton McDade*, for appellee.

Per Curiam, February 20, 1914:

This is an appeal from a judgment entered for want of a sufficient affidavit of defense, in an action brought into the common pleas by appeal from the judgment of a justice of the peace. The facts out of which the appeal arises are set forth concisely in the opinion of the learned judge of the common pleas, and, on those facts, the judgment was clearly right. The affidavit of defense did not deny plaintiff's claim, but claimed a set-off considerably in excess of $300, arising out of an entirely different transaction. In Walden v. Berry, 48 Pa. 456, it was held, that when an appeal comes into court from a justice of the peace the proceedings are not de novo as to jurisdiction, and that where the justice of the peace would not have jurisdiction of a set-off of the

amount claimed the common pleas has not jurisdiction on appeal. The set-off claimed in the present case, being beyond the jurisdiction of a justice of the peace, could not be interposed as a defense when the case came into that court.

The judgment is affirmed.