Borsalino et ux. *v.* City of Reading et al.

550

Argued November 14, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Charles H. Weidner,* and with him *John B. Stevens* and *Harry W. Lee* of *Stevens & Lee,* for T. M. Flanaghan, additional defendant.

*William McK. Rutter,* Assistant City Solicitor, and with him *John W. Speicher,* City Solicitor, for City of Reading, original defendant.

OPINION BY KELLER, J., February 1, 1934:

These two appeals grow out of the same proceeding. They will be disposed of in one opinion.

The City of Reading, appellant in No. 325, by due and legal action of its city council, decided to construct a sewer on Second Street, and let the contract for its construction to T. M. Flanaghan, appellant in No. 327.

The appellees, who were property owners abutting on the street where said sewer was being constructed, averring that their property had been injured by the construction of the sewer and that such injury and damage was the necessary and unavoidable consequence of the non-negligent performance of said work, filed a petition in the court of common pleas to May Term, 1931, No. 129, asking for the appointment of viewers, in eminent domain proceedings, to view the premises and assess the damages suffered by them in consequence of the city's construction of the sewer. See Hirsh v. McGovern, Inc., 100 Pa. Superior Ct. 1. To these proceedings in eminent domain, the city appeared and filed a praecipe for a writ of scire facias to bring in the said T. M. Flanaghan, the contractor, as an additional defendant under the Act of April 10, 1929, P. L. 479, alleging as ground therefore that by the contract between the city and the contractor, under which the sewer was constructed, provision was made

that all damages to property in the neighborhood caused by blasting, etc., were to be paid by the contractor.

The writ of scire facias was issued and served on Flanaghan, who made answer denying liability under the contract.

Viewers were duly appointed and a view had, and a report was duly filed, fixing the petitioners' damages at $773.40 and awarding said damages against the City of Reading and T. M. Flanaghan, contractor.

The City of Reading and Flanaghan separately appealed from the award to the court of common pleas on the ground that it was excessive. Flanaghan also filed exceptions to the report and award on the grounds that (1) there was no joint liability, (2) there was no liability on the part of Flanaghan to the petitioners, (3) there was no liability over from Flanaghan to the city because of the contract, (4) the court was without jurisdiction as to Flanaghan because the Act of 1929 did not apply to a view in eminent domain proceedings.

Subsequently, a stipulation of counsel on behalf of all three parties was filed, agreeing that the exceptions filed by Flanaghan should be dismissed, and the case proceed to trial on appeal before a jury de novo, and that the question of the liability of the additional defendant over to the original defendant, or to plaintiffs either solely or jointly with original defendant might be raised by the additional defendant, if he so desired, upon said trial before a jury; and that the additional defendant at no time thereafter should deny or attack the validity of any judgment which might be rendered in said proceedings, on the ground that the award of the viewers was made against the defendants *jointly*, "it being understood that the question of liability of either of the defendants to plaintiffs or to each other shall be raised and determined de novo."

The appeal was tried in the common pleas and submitted to the jury on this theory and a verdict rendered in favor of the plaintiffs against the City of Reading for $985, and a verdict in favor of the City of Reading and against Flanaghan for $985. Appeals from these judgments to this court were taken by the city and Flanaghan respectively.

(1) Taking up the appeal of the city first, it is admitted that the evidence disclosed no negligence on the part of those doing the work. Had such negligence been shown and the damages to the plaintiffs' property resulted therefrom, no recovery could have been had by the plaintiffs in these proceedings, for in that event their remedy would have been by an action in trespass instead of under proceedings in eminent domain: Hirsh v. McGovern, supra; Fyfe v. Turtle Creek Borough, 22 Pa. Superior Ct. 292.

The only question raised by the city in this appeal is whether the causal connection between the blasting, incident to the sewer construction, and the injury to plaintiffs' property was sufficiently shown. We are of the opinion that the evidence of such connection was sufficient to be submitted to the jury and that the instructions of the trial judge to the jury correctly stated the law of the case: That there could be a verdict for the plaintiffs only if the injury and damage to the plaintiffs' property were caused by and were the necessary and unavoidable consequences of the non-negligent performance of the work. We deem it unnecessary to review the evidence. It was sufficient, in our opinion, to warrant an inference and finding by the jury that the blasting done in connection with the sewer was the cause of the plaintiffs' damage, and that the damage to the plaintiffs' property was the natural and probable effect of the sewer blasting operations. It was a question of fact for the jury and their verdict finding the connection between the blast-

ing and the damage as one of cause and effect is, in our opinion, not contrary to the inferences fairly to be drawn from the evidence.

(2) Taking up the appeal of Flanaghan, we are confronted by a different situation. The Act of April 10, 1929, P. L. 479, "To regulate procedure where a *defendant* desires to have joined as additional defendants persons whom he alleges are liable over to him, or jointly or severally liable with him, for *the cause of action declared on,*" does not, in our opinion, apply to proceedings in eminent domain before a board of viewers. The wording of the act, (See margin below), contemplates a technical *'action'* brought in court by a 'plaintiff' against a 'defendant,' in which the plaintiff files a 'declaration' or statement of the cause of action on which he relies. A proceeding in the common pleas for the appointment of viewers to view property and assess damages in eminent domain proceedings is not such an action. There is no 'plaintiff' and no 'defendant,' and no declaration or statement of cause of action is filed; no cause of action is 'declared on.' It is not such an 'action' as is contemplated in the Act of 1929, supra. The language of the amending Act of June 22, 1931, P. L. 663, confirms this view. See along the same lines the opinion of the Supreme Court in Heinz's Estate, Frazer's Appeal, 313 Pa. 6, 169 A. 365, where it was held that the Act of March 5, 1925, P. L. 23, relating to appeals on the question of jurisdiction in proceedings at law or in equity did not apply to proceedings in the orphans'

"That any defendant, named in any action, may sue out, as of course, a writ of scire facias to bring upon the record as an additional defendant any other person alleged to be liable over to him for the cause of action declared on, or jointly or severally liable therefor with him, with the same force and effect as if such other had been originally sued, and such suit shall continue, both before and after judgment, according to equitable principles, although at common law, or under existing statutes, the plaintiff could not properly have joined all such parties as defendants."

court. The initial objection of the 'additional defendant,' Flanaghan, to the jurisdiction of the viewers to consider any claim over by the city against him should have been sustained, as the viewers were wholly without jurisdiction to consider in the eminent domain proceedings any right of the city to recover over against Flanaghan. And on appeal from the report of viewers the jurisdiction of the common pleas was not enlarged so as to include such a claim; its jurisdiction was confined to the matter before the viewers. For example, although the plaintiffs might have instituted an action of trespass against the city, or Flanaghan, for damages which they suffered by reason of the *negligent* performance of the work of building the sewer, no such claim could be considered or passed upon on the appeal from the viewers' report. On appeal from a justice of the peace, the jurisdiction of the court of common pleas is limited to matters within the jurisdiction of the justice: Alschuler & Weisz v. Lipkin, 84 Pa. Superior Ct. 349; Deihm v. Snell, 119 Pa. 316, 323, 13 A. 283; Collins v. Collins, 37 Pa. 387. If the viewers had no jurisdiction to consider and pass upon the city's right to reimbursement from Flanaghan, it could not be conferred by consent: Hazard's Est., 253 Pa. 447, 98 A. 678; Blumenthal's Est., 227 Pa. 268, 75 A. 1075; Stoy v. Yost, 12 S. & R. 385; Morrison v. Weaver, 4 S. & R. 190; Small's App., 23 W. N. C. 20, 15 A. 767; Lewisburg Bridge Co. v. Union & Northumberland Counties, 232 Pa. 255, 81 A. 324; Hoch's App., 72 Pa. 53. All that could be considered in the eminent domain proceedings, whether by the jury of view, or on the appeal from their report, was whether the injury suffered by plaintiffs was the necessary consequence of the non-negligent construction of the sewer, and, if so, the amount of their damage. The question of the right of recovery of the city over against Flanaghan under the contract for the construction of the sewer would have to be determined in an

action of assumpsit brought by the city against him; and the consent of the parties could not enlarge the jurisdiction of the viewers under eminent domain proceedings, nor that of the court, on appeal from their report.

We shall, therefore, not construe the contract between the city and Flanaghan for the purpose of determining whether or not the latter is liable for the damages which the city is required to pay the plaintiffs in this proceeding. That question can be decided when it comes before the court in a form of action where the court may legally pass upon it.

For these reasons the judgment against Flanaghan must be reversed, without prejudice to the right of the city to proceed by action in assumpsit for the recovery of the damages it is required to pay these plaintiffs.

Appeal No. 325, October Term, 1933—The judgment is affirmed.

Appeal No. 327, October Term, 1933—The judgment is reversed, without prejudice to the right of the City of Reading to institute its action of assumpsit against the appellant to reimburse it for the damages it is required to pay the plaintiffs under the judgment to No. 325, October Term, 1933.