## Troup et ux. *v.* New Bethlehem Borough, Appellant.

Argued April 16, 1936.

Before KELLER, P. J., CUNNING-
HAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES,
JJ.

*Raymond E. Brown,* with him *D. M. Geist* and *Geo. F. Whitmer,* for appellant.

*Theo. L. Wilson,* with him *Merritt H. Davis* and *A. A. Geary,* for appellees.

OPINION BY STADTFELD, J., July 10, 1936:

This is an appeal by the Borough of New Bethlehem from a judgment in favor of Arnold Troup and Velva Troup, his wife, on a verdict in an appeal from the award of a Board of Viewers in connection with the grading, paving and curbing of Wood Street in said borough.

Arnold Troup and Velva Troup, his wife, became the owners of a lot of land in the Borough of New Bethlehem in 1924, one of the boundaries of which named in their deed is the "west side of Wood Street," which, before it was dedicated as a street in the municipality, was an established public road or turnpike extending into the adjoining township. It was a part of State Highway Route Number 66 between New Bethlehem and Clarion. In 1892, the owners of a large tract of land, including the Troups' lot, which was

traversed by such highway, had it surveyed and plotted into lots. In the plot prepared for them, what had formerly been a public road was designated as Wood Street and its width was shown to be 40 feet.

When the Troups acquired title to their land, the front thereof or its eastern boundary, which was the west side of Wood Street as plotted, was elevated about 13 feet above the opened cartway, which was "a narrow dirt road". The land intervening between the eastern line of the Troups' lot and the used portion of Wood Street sloped abruptly, and the only means of access thereto from the street level was by several flights of steps with intervening landings.

By virtue of an ordinance approved the 12th day of August, 1929, the defendant appellant provided for the grading, curbing, paving and improving of Wood Street within said borough to the width of eighteen feet at the cost of the said borough, with the assistance or contribution of the Commonwealth of Pennsylvania and the County of Clarion. It further provided for the curbing and paving of an additional width of ten feet, making the total width between the curbs twenty-eight feet, the cost and expense of improvement of the additional width on each side to be paid primarily by the Borough of New Bethlehem.

The work was completed in September, 1929. On June 23, 1930, on petition of the appellees, viewers were appointed to assess damages by reason of said improvement. From the award in favor of appellees, an appeal was taken by the borough and the trial thereof resulted in a verdict for plaintiffs, appellees. Motions for a new trial as also for judgment n. o. v. were overruled in an opinion by McCracken, P. J., 28th Judicial District, specially presiding. From the judgment in favor of plaintiffs, this appeal was taken.

At the trial of the case, there was testimony on behalf of plaintiffs, appellees, to the effect that in the grading

for the street, a cut was made, the extent of which varied, toward the house of plaintiffs, thereby encroaching on the latters' lot, from 1¼ feet to 5¾ feet along the front thereof, and that the grade of the street in front of plaintiffs' lot was lowered about one and one-half feet, thereby making the bank in front of the lot that much higher and adding to the cost of a retaining wall if one was constructed. As a result of said improvement, it was further claimed by plaintiffs, that access to said lot from the front was entirely cut-off, and that the only means of access was either from the rear of said lot, or from the side over the neighbors' adjoining lot. The effect on plaintiffs' lot commenced to manifest itself about six months after the completion of the work, by a subsidence of the soil, and continued thereafter to some extent over a period of more than four years.

On behalf of defendant borough, there was testimony tending to prove that there was no encroachment on the property of plaintiffs, and that the change of grade, if any, was within the lines of the forty-foot street. The testimony on behalf of defendant tended to corroborate that on behalf of plaintiffs that there was considerable ground removed from the front of plaintiffs' property; that it was moved back a distance of four feet, seven inches, at the bottom and went to nothing at the top and that it made the lot considerably steeper.

With this divergence, there necessarily arose a question of fact for the jury and this was admitted during the charge of the trial judge, by counsel for defendant. The court submitted the case to the jury with instructions that "The plaintiffs are entitled to recover only for such damages as were caused by the taking of their property, either by encroaching upon the property and taking land and property outside the street line, or changing the grade, if that caused the injury and damage. ...... If you find by the preponderance of the evidence that the borough went without the street lines

in making this improvement, or lowered the grade of the street, or if they did either of these things, then you must further find that such action on the part of the borough caused the injury complained of and for which the plaintiffs ask damages at your hands."

The assignments of error relate to the refusal of judgment n. o. v., the answers to points and the charge of the court. It is not necessary to consider these separately for the disposition of this case.

As stated in the opinion of the lower court: "The true rule governing cases of this class is thus enunciated by the Supreme Court in Sansom Street. Caplan's Appeal, 293 Pa. 483 in the third paragraph of the syllabus: 'The governing principle is that there need not be an actual physical taking, but that any destruction, restriction or interruption of the necessary and common use and enjoyment of property in a lawful manner may constitute a taking for which compensation must be made to the owner of the property.'"

Quoting from the opinion of our late brother, W. D. PORTER, in Fyfe v. Turtle Creek Borough, 22 Pa. Superior Ct. 292, 297: "...... it remained for the constitution of 1874, article 16, section 8, to insure a radical and permanent remedy, by incorporating into the organic law the principle: 'Municipal and other corporations and individuals invested with the privilege of taking private property for public use shall make just compensation for property taken, *injured or destroyed* by the construction or enlargement of their works, highways or improvements.' This gave to the owner of property injured the same protection which had formerly been extended to him whose property was actually taken. When an improvement is the direct and proximate cause of the injury, and the loss is the necessary and unavoidable consequence of a careful execution of the work, the land and every right of property thereto appurtenant is within the protection of the constitu-

tional provision ......" (Italics supplied.)

In Borough of New Brighton v. United Presbyterian Church, 96 Pa. 331, it was contended that inasmuch as the proprietor of property in a borough had laid it out into lots and streets, and the borough had never fixed the grade of a particular street, it was not liable for damages for grading it the first time. Held, that a change from the natural grade was a change of grade just as clearly as if changed from a grade previously made by the authorities and was within the meaning of the statute. To same effect see O'Brien v. Phila., 150 Pa. 589; Anspach v. The City of Altoona, 104 Pa. Superior Ct. 553, 159 A. 76.

The case was well tried and fairly submitted. We see no error which would justify a reversal. The assignments of error are overruled and judgment affirmed.