## Manor Township School District v. Counts

*Windolph & Mueller*, for plaintiff.
*Joseph B. Wissler*, for defendant.

SCHAEFFER, P. J., November 8, 1940.—Plaintiff sued defendant in trespass before an alderman for damages caused by a collision between plaintiff's school bus, operated by its employe, and an automobile owned and operated by defendant. The alderman rendered judgment in favor of plaintiff for $150.17 for the repair bill. Defendant appealed to the court of common pleas. Thereupon, plaintiff filed its statement of claim and defendant filed an affidavit of defense and counterclaim for $140 for damages to the body and other parts of defendant's automobile, setting forth the measure of damages as the difference in the fair market value of the automobile before and after the accident. Plaintiff has filed a motion to strike off the counterclaim.

The question involved is whether defendant in an action of trespass for alleged negligence in an appeal from a judgment rendered by an alderman may set up a counterclaim arising out of the same accident, over which the alderman did not have original jurisdiction.

A justice of the peace or alderman does not have jurisdiction in a tort action, formerly known as trespass on the case, for consequential damages caused by the negligent operation of an automobile, but has jurisdiction only for damages or injuries caused by direct and immediate in-

jury in the nature of trespass vi et armis where the amount claimed does not exceed $300: Knautt v. Massinger, 116 Pa. Superior Ct. 286 (1935); Paulson v. Eisenberg, 134 Pa. Superior Ct. 503 (1939); Lamparter v. Conestoga Transportation Co., 45 Lanc. L. R. 342. The alderman in the case at bar admittedly had no jurisdiction of the cross-suit or counterclaim of defendant against plaintiff because the bus of the School District of Manor Township, a municipal corporation, was driven by a third person or its employe.

Under the Practice Act of May 14, 1915, P. L. 483, no provision was made for the filing of a counterclaim in an action of trespass. This act was amended by the Act of April 4, 1929, P. L. 140, 12 PS §412, which provides:

"The defendant in such actions may, by affidavit of defense, in addition to denying negligence on his own part, allege negligence on the part of the plaintiff, and set up against the plaintiff, in the manner by this act prescribed, a claim for damages arising out of the same general circumstances upon which the plaintiff's claim is based, and both claims shall in the said cause be tried as one action."

The language of said Act of 1929 limits it to cases arising in negligence, and the title to the act refers to a cross-suit and not to a set-off or counterclaim. In Beason v. Pierce, 321 Pa. 398 (1936), a collision occurred between the automobiles driven by plaintiff and defendant. A counterclaim was set up. Mr. Justice Stern in his opinion said (p. 400):

"The defendant's counterclaim is merely in the nature of a cross action, permitted by the Act of April 4, 1929, P. L. 140, amending section 13 of the Act of May 14, 1915, P. L. 483 . . . The title of the act itself refers to such action permitted to the defendant, not as a set-off nor a counterclaim, but as a 'cross-suit.' The statute was obviously aimed to prevent either party involved in an accident from obtaining an undue advantage by being the first to start suit against the other and the first to bring the action to trial. It also prevents multiplicity of suits.

To accomplish these purposes it should be liberally construed."

In Maiorana v. Sacchetti, 73 Pa. Superior Ct. 510 (1920), it was decided that the Practice Act of 1915 does not apply in cases of appeals to the common pleas from judgments of justices of the peace. Subsequently, the Act of April 14, 1921, P. L. 144, sec. 1, amending the Practice Act of 1915, expressly brings appeals from judgment of the justice of the peace or alderman within the Practice Act. In Knopf v. Lax, 56 Pa. Superior Ct. 95, 96 (1914), it is held that on an appeal from a justice of the peace "the proceedings are not de novo as to jurisdiction, and that where the justice of the peace would not have jurisdiction of a set-off of the amount claimed the common pleas has not jurisdiction on appeal." In that case the set-off claimed exceeded $300 "arising out of an entirely different transaction." In Deihm v. Snell, 119 Pa. 316, it was decided that if the justice did not have jurisdiction of plaintiff's cause of action, or of a contract or demand sought to be used as a set-off by defendant, the court of common pleas will not have jurisdiction on appeal, and the want of it may be raised as an objection at any time. In Borsalino. et ux. v. City of Reading et al., 111 Pa. Superior Ct. 549 (1934), it is said (p. 555) : "On appeal from a justice of the peace, the jurisdiction of the court of common pleas is limited to matters within the jurisdiction of the justice . . ."

In the instant case defendant could have brought a cross-suit in the court of common pleas growing out of the same accident. Instead he elected to allege in his affidavit of defense negligence on the part of plaintiff so as to have both claims tried as one action. This is not a situation where there is a counterclaim or set-off in the general or usual sense of those terms, but it is limited to negligence "arising out of the same general circumstances upon which the plaintiff's claim is based." To compel defendant to resort to a separate suit would lead to a multiplicity of suits. While both suits could be tried

together, nevertheless, such circuity of action is apparently what the said Act of 1929 intended to avoid. To carry out its purpose it should be liberally and practically interpreted.

Plaintiff's contention would prevail generally, but the pleaded facts of the instant case bring it within the purview of the Act of April 4, 1929, P. L. 140, supra. The court, therefore, concludes that defendant's claim against plaintiff, based on negligence and arising out of the same facts and circumstances as plaintiff's claim, is properly set forth in the affidavit of defense.

And now, November 8, 1940, the rule to strike off defendant's counterclaim is discharged.