## Dorney Park Coaster Co., Inc., v. Pennsylvania Turnpike Commission

*Edwin K. Kline, Jr.*, for plaintiff.
*Ellwood D. Shimer*, for defendant.

HENNINGER, P. J., July 11, 1961.—Petitioner is the owner of land which it contends is necessarily damaged by the erection of the Northeast Extension of the Pennsylvania Turnpike, although it is not within the purview of land taken as shown by certified maps.

Petitioner gave the Turnpike Commission notice of its intention to apply for the appointment of viewers, whereupon the commission protested that, if petitioner had a claim for compensation, it had to pursue the commission in the courts of Dauphin County and not through condemnation procedures.

That petitioner has a valid claim against the commission if the damage to its land is the necessary consequence of turnpike construction, seems to have been decided in Ewalt v. Pennsylvania Turnpike Commission, 382 Pa. 529, 535, in which the language "'. . . All public or private property damaged or destroyed in carrying out the powers granted by this act [the Western Pennsylvania Turnpike Extension Act of June 11, 1941, P. L. 101, 36 PS §654, et seq.] shall be restored . . . or adequate compensation made therefor . . .,'" was held to extend the commission's liability beyond the limitations upon the Commonwealth's liability which ordinarily is solely for land "taken." See Moyer v. Commonwealth, 183 Pa. Superior Ct. 333, 337, and Brewer v. Commonwealth, 345 Pa. 144, 145.

The commission then contends that if there is a valid claim for consequential damages, the claim must be pursued in Dauphin County, citing the Pennsylvania Constitution, article I, sec. 11, ". . . Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct . . ." and section 2 of the Act of May 26, 1931, P. L. 191, 12 PS §105, in which the jurisdiction of actions against the Commonwealth is placed in the courts of Dauphin County. Section 1 of the Act of July 1, 1937, P. L. 2665, 12 PS §106, per-

mitting extraterritorial service of writs in actions relating to real estate does not confer such jurisdiction on other courts when the Commonwealth is concerned: Merner v. Department of Highways, 375 Pa. 609, 613.

In the Ewalt case, supra, it is held that an equity suit in Dauphin County for consequential damages will lie against the Turnpike Commission, but nowhere in the opinion is it stated that that is the exclusive remedy, although it might well be argued that the remedy in equity would lie only if there were no adequate remedy at law.

We believe that the appointment of viewers is permissible in this case.

The specific Act of Assembly under which the petitioner is proceeding is that of September 27, 1951, P. L. 1430, 36 PS §660.1 et seq. Section 6(k) of that act, 36 PS §660.6(k), provides:

"Adequate compensation shall be made by the Commission out of funds provided under the authority of this act for damages to all public or private property *taken, injured or destroyed* in carrying out the powers granted by this act, or such property may be restored or repaired and placed in its original condition as nearly as practicable, as the Commission may deem it expedient in any particular case." (Italics supplied.)

It will be noted that the words, "taken, injured or destroyed" are borrowed from article XVI, sec. 8, of the Constitution of Pennsylvania relating to condemnation by municipalities and others entitled to the privilege of condemnation of private property.

In contradistinction to article I, sec. 10, of the same Constitution which says that ". . . private property [shall not] be taken or applied to public use, without authority of law and without just compensation being

first made or secured . . ." and which has been interpreted to protect the Commonwealth and its agencies from consequential damages, the words "taken, injured or destroyed" have uniformly been held to subject other municipalities to responsibility for consequential damages when an improvement is the direct and proximate cause of the injury, and the loss is the necessary and unavoidable consequence of a careful execution of the work. Such damages are then recoverable through the appointment of viewers: Fyfe v. Turtle Creek Borough, 22 Pa. Superior Ct. 292, 297; Troup v. New Bethlehem Borough, 122 Pa. Superior Ct. 198, 202.

When we turn to the above-cited sections of the Pennsylvania Turnpike Northeastern Extension Act of September 27, 1951, supra, we find that the legislature has subjected the commission to consequential damages. Article I, sec. 10, of the Constitution prescribes the minimum but not the maximum liability the State may impose upon itself under article I, sec. 11, of the Constitution.

Section 9 of the Pennsylvania Turnpike Northeastern Extension Act of September 27, 1951, 36 PS §660.9, providing the method of ascertaining such damages, reads, in part:

"Whenever a reasonable sum representing the damages cannot be agreed upon, . . . either the Commission acting through the Department of Justice, or any owner or owners, shall apply to the court of common pleas of the county in which the property is located, . . . for the appointment of viewers to determine, as hereinafter provided, the amount of damages resulting from the taking. . . ."

We note that the language above-quoted contains the words "resulting from the *taking*." We do not believe that the legislature meant to differentiate between a "taking," an "injury" or a "destruction," but that the words "injury or destruction" were omitted

solely to save verbiage and to avoid translating the other verbs into nouns. See Bear Creek Realty Co. Petition, 9 D. & C. 2d 546, 548.

To say that petitioner is entitled to the appointment of viewers is not to say that he is entitled to damages for any or for all of the claimed injury to its property. Some of the claims are not only consequential but inconsequential as well, and some seem fanciful and remote.

The Commonwealth has also raised the question of the Statute of Limitations. This is not to be determined by strict calculation from the date land was condemned for the turnpike itself. Petitioner was not shown upon such plan as a condemnee, nor do such plans, even with the aid of a competent engineer, inform petitioner that he will be affected by the condemnation. The viewers, subject to final review by the court, may determine whether or not petitioner has lost its rights.

Therefore, we enter the following order:

Now, July 11, 1961, upon motion of Edwin K. Kline, Jr., attorney for Dorney Park Coaster Co., Inc., it appearing that 10 days' notice of the presentation of the petition to above term and number, has been given to the Pennsylvania Turnpike Commission and all parties in interest, the court appoints George M. Berg of Northampton, Pa., Leonard M. Fravillig and Clenmore A. Andrews of Bethlehem, Pa., all of Northampton County, as viewers to view the property of Dorney Park Coaster Co., Inc., and to determine the extent to which petitioner's property has been damaged by acts of the Commission which are the direct and proximate cause of the injury and of which the loss is the necessary and unavoidable consequence in a careful execution of its work.

This order is to be effective as of July 18, 1961, and August 16, 1961, at 10 a.m. (EDT) is fixed as the time for viewing said premises.