## Rissmiller v. Commonwealth

*Power, Bowen & Valimont,* for plaintiff.

*Martin Burman,* for Commonwealth.

*C. William Freed, Jr.,* additional defendant.

BECKERT, J., April 4, 1972.—In an eminent domain proceeding, does the present code permit the Commonwealth of Pennsylvania (condemnor) to join an additional defendant (Borough of Quakertown) by the use of Pennsylvania Rule of Civil Procedure 2252? This question was presented for our consideration and we now resolve that the answer to the question must be in the negative for the following two reasons:

The property owner in the pending case, Anna Jane Rissmiller, has filed a petition for the appointment of viewers. It is at this stage of the proceedings that the Commonwealth is attempting to join the Borough of Quakertown as an additional defendant.

Assuming, but not agreeing, that the Pennsylvania Rules of Civil Procedure are applicable in eminent domain proceedings, we would not, under the present wording of the rules, allow them to be used at this stage of the proceedings. Pa. R. C. P. 2252, the rule under consideration, states, in part, as follows:

*"In any action* the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party *to the action . . ."* (Italics supplied.)

A definition of the word "action" is not specifically found in Pa. R. C. P. 76—Definitions. The term "action" is defined elsewhere in the rules as "an action . . . brought in or appealed to any court which is subject to these rules" (Pa. R. C. P. 1001), or, as set forth in Pa. R. C. P. 2326 (Intervention), as "any civil action or proceeding at law or in equity brought in or appealed to any court of record."

We do not find that the filing of a petition for the appointment of viewers results in the initiation of any action or proceeding in law or equity. On that score, the case of Commonwealth ex rel. Kelley v. Cantrell, 327 Pa. 369 (1937), at pages 376, 377, states:

"The Board of Viewers is not part of the judicial system of the Commonwealth . . . Proceedings before it are merely a *preliminary step,* provided by statute to ascertain the damages and to afford a report or estimate which may be the basis for an agreement between the condemning body and the property owner, fixing the damages to be paid. It saves in many instances the time and expense of a jury trial. The prop-

erty owner, however, is not concluded by this report, but is entitled as a matter of right, . . . to demand that his claim be heard by a court and jury."

The above-quoted language does not, of course, deal with the present Eminent Domain Code, but nevertheless we find it to be pertinent. Under section 701 of the existing code, it is provided that the viewers may hear such testimony, or receive such evidence, or make such independent investigation as they deem appropriate without being bound by formal rules of evidence. Therefore, the procedure before the viewers is intended to be informal. Such is not the case on appeal to the court of common pleas. As stated by Snitzer in his book on Pennsylvania Eminent Domain, section 701-1, "The purpose of viewers is now to be a preliminary step in the determination of condemnation damages in order to effect speedy settlements."

Therefore, we see no reason why Pa. R. C. P. 2252 should or could be applied in proceedings before the board of view. If further authority is needed, attention is directed to the case of Borsalino v. City of Reading, 111 Pa. Superior Ct. 549 (1934), which decided that proceedings for the appointment of viewers is not an "action" within the meaning of the Act of April 10, 1929, P. L. 479, which act provided for the procedure for the joinder of additional defendants under the former practice act. This act was specifically suspended absolutely by Pa. R. C. P. 2275.

We conclude, therefore, that if the Pennsylvania Rules of Civil Procedure are applicable in an eminent domain proceeding, such rules would only come into play after an appeal has been taken to the court of common pleas. Section 515 of the code provides for such an appeal to that court.

The second reason for answering the first pro-

pounded question in the negative can be found from a reading of article V, sec. 10(c), of the present Pennsylvania Constitution. Therein is granted to the Supreme Court the rule-making power with respect to all courts. This would include the power to provide general rules to be followed in eminent domain actions. The Supreme Court has not exercised this power, although the Eminent Domain Code provided for and possibly contemplated such action by our Supreme Court. See section 525. It follows, therefore, that unless and until the Supreme Court promulgates an order making the Pennsylvania Rules of Civil Procedure applicable to eminent domain proceedings, the rules will have no application.

Accordingly, we enter the following

### ORDER

And now, this April 4, 1972, the Borough of Quakertown's preliminary objections to its being joined as an additional defendant by the Commonwealth is hereby sustained. The Commonwealth's complaint to join the Borough of Quakertown is dismissed and the Borough of Quakertown is hereby stricken as an additional defendant.