## Beimel v. Commonwealth

*T. R. Jargiollo,* for Commonwealth.
*John J. Rydesky* and *Joseph Malizia,* for plaintiffs.

GREINER, P. J., March 25, 1974.—Plaintiffs' filed petition for the appointment of viewers under section 502 (a), (e) Act of June 22, 1964, Sp. Sess., P. L. 84, 26 PS §1-502(a), (e), and three members of the county board of viewers were appointed the same date of filing, February 5, 1973. The Commonwealth accepted service February 15, 1973, and on March 1, 1973, entered its appearance, filed petition to vacate the order appointing viewers and the same date the court issued rule on plaintiffs to show cause why such petition should not be granted, returnable March 29, 1973, at 2 p.m. For reasons beyond the control of counsel and the court, hearing on said rule was not held and was continued from time to time. To expedite final disposition, counsel suggested that the court might determine same on written briefs which have been filed and the authorities therein thoroughly reviewed.

The Commonwealth proceeded under section 504 of the Eminent Domain Code, 26 PS §1-504, which provides that preliminary objections may be filed within 20 days after receipt of notice of the appointment of viewers and also that "[i]f an issue of fact is raised, evidence may be taken by deposition or otherwise as the court shall direct."

The entire matter is factual subject to the applicable law as such facts are made of record. Plaintiffs' petition, except for the usual prerequisite such as the name and address of the condemnor, name and address of the condemnees and description of the property, merely alleges that a compensable injury has been suffered and no declaration of taking has been filed. The Commonwealth's petition to vacate merely alleges that no property was taken from petitioners and claimants have not suffered a compensable injury by law and "said Order should be vacated as a matter of law." The only facts available to the court appear in the Commonwealth's brief which recites that claimant's property did not abut upon the improvement project and the former access driveway to claimant's property was eliminated by the new somewhat more circuitous route approximately 500 feet longer now available to claimants. It is the Commonwealth's position that claimants have suffered no "substantial impairment" and that any slight inconvenience is not compensable.

Briefs are not part of the record, and the court may not consider facts not established by the record: Erie Indemnity Company v. Coal Operators Casualty Company, 441 Pa. 261, 272 A.2d 465. Also see 2B Anderson Pa. Civ. Prac. §§1035. 14 and 1035. 17; and Bremmer v. Protective Home M. L. Ins. Co., 436 Pa. 494, 260 A.2d 785 (1970). As a matter of fact, none of the cases cited in the Commonwealth's brief

were determined on the basis of preliminary objections but following the usual appeal from the viewers' finding and ultimate jury verdict. Plaintiffs' brief urges that the issue is an overall one on access which should be determined by the viewers and, in turn, by the jury if and when it ultimately reaches that point and cites as authority therefor Troup v. New Bethlehem Borough, 122 Pa. Superior Ct. 198, 186 Atl. 306 (1936).

We, therefore, make the following

ORDER

Now, March 25, 1974, the rule and petition to vacate an order appointing viewers are dismissed and the viewers are directed to proceed as required by law.